UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA  CIVIL ACTION NO. _____

VERSUS  JUDGE_____

JAMES RANDY LAFLEUR and
BONNIE ROBERT LAFLEUR  MAGISTRATE JUDGE _____

## COMPLAINT

The **UNITED STATES OF AMERICA** ("Plaintiff") for the **FARMERS HOME ADMINISTRATION** ("FmHA"), now known as **FARM SERVICE AGENCY** ("FSA") of the **UNITED STATES DEPARTMENT OF AGRICULTURE**, through **H. JAMES LOSSIN, SR.,** attorney for the **WESTERN DISTRICT OF LOUISIANA,** for its cause of action alleges:

1.

Jurisdiction in this action is predicated on 28 U.S.C. $1345.

2.

Plaintiff is the holder in due course and owner of those certain Promissory Notes ("Notes") made payable to the order of the **UNITED STATES OF AMERICA** acting through the **FARM SERVICE AGENCY ("FSA"), UNITED STATES DEPARTMENT OF AGRICULTURE** by Defendants, **JAMES RANDY LAFLEUR and BONNIE ROBERT LAFLEUR,** domiciled in Avoyelles Parish with a mailing address of 504 South Knoll Street, Bunkie, Louisiana 71322, described as follows:

| Loan Code | Date | Face Amount | Interest Rate |
|---|---|---|---|
| OL (44-11) | 03-17-2014 | $89,900.00 | 2.00% |
| EM (43-55) | 03-17-2014 | $109,563.34 | 3.75% |
| Resch | 03-05-2012 | $111,237.74 | 3.75% |
| Resch | 05-06-2010 | $113,833.81 | 3.75% |
| Resch | 04-09-2009 | $109,470.00 | 3.75% |
| EM (43-56) | 03-17-2014 | $55,737.84 | 3.75% |
| Resch | 03-05-2012 | $56,590.33 | 3.75% |
| Resch | 05-06-2010 | $57,906.24 | 3.75% |
| Resch | 04-09-2009 | $55,664.42 | 3.75% |
| Resch | 03-01-2007 | $56,311.37 | 3.75% |
| Resch | 02-16-2006 | $54,206.23 | 3.75% |
| Resch | 04-20-2004 | $52,574.97 | 3.75% |
| Resch | 05-12-2003 | $52,690.00 | 3.75% |
| EM (43-57) | 03-17-2014 | $102,434.47 | 3.75% |
| Resch | 03-05-2012 | $104,000.57 | 3.75% |
| Resch | 05-06-2010 | $106,418.17 | 3.75% |
| Resch | 04-09-2009 | $102,298.22 | 3.75% |
| Resch | 03-01-2007 | $103,487.58 | 3.75% |
| Resch | 02-16-2006 | $ 99,618.82 | 3.75% |
| Resch | 04-20-2004 | $ 96,620.93 | 3.75% |
| Resch | 05-07-2003 | $ 98,450.99 | 3.75% |
| Resch | 02-21-2002 | $ 94,230.00 | 3.75% |
| EM (43-58) | 03-17-2014 | $23,610.68 | 3.75% |
| Resch | 03-05-2012 | $23,971.94 | 3.75% |
| Resch | 05-06-2010 | $24,529.35 | 3.75% |
| Resch | 04-09-2009 | $23,579.70 | 3.75% |
| Resch | 03-01-2007 | $23,854.45 | 3.75% |
| Resch | 02-16-2006 | $22,962.68 | 3.75% |
| Resch | 04-20-2004 | $22,271.65 | 3.75% |
| Resch | 05-07-2003 | $22,693.63 | 3.75% |
| Resch | 02-21-2002 | $21,712.13 | 3.75% |
| Resch | 03-25-1999 | $28,480.00 | 3.75% |

Copies of the Notes are attached as **Exhibits A-1, A-2, A-3, A-4 and A-5**.

3.

In order to secure the indebtedness the following lien instruments, **Exhibits B-1,**

**B-2, B-3, B-4, B-5, B-6, B-7, B-8, B-9, B-10 and B-11** attached, were executed:

| Date of Instrument | Type Mortgage | Amount | Recording Information |
|---|---|---|---|
| 2-21-2002 | Real Estate/Avoyelles | $125,684.81 | 02001469 BK 104 |
| 2/16/2006 | Real Estate/Avoyelles | $355,463.80 | 00001218 BK 553 PG 406 |
| 03/01/2007 | Real Estate/Avoyelles | $357,184.00 | 00001532 BK 582 PG 885 |
| 04/09/2009 | Real Estate/Avoyelles | $229,470.00 | 00002332 BK 634 PG 782 |
| 03/17/2014 | Real Estate/Avoyelles | $ 89,900.00 | 00001460 BK 744 PG 824 |

**Re-inscription of Mortgages**

| | | | |
|---|---|---|---|
| 02/16/2006 | Real Estate/Re-inscription | | 00001219 BK 553 PG 412 |
| 03/01/2007 | Real Estate/Re-inscription | | 00001533 BK 582 PG 892 |
| 04/09/2009 | Real Estate/Re-inscription | | 00002333 BK 634 PG 788 |
| 03/17/2014 | Real Estate/Re-inscription | | 00001459 BK 744 PG 820 |
| 03/16/2015 | Real Estate/Re-inscription | | 00001408 BK 766 PG 15 |

Request for Notice of Seizure of Immovable Property

Recorded Book 476
February 21, 2002
Entry #02001470

covering four (4) tracts of land shown with each mortgage.

4.

Tracts One and Two were sold and a Partial Release was recorded on October 1, 2015, in Mortgage Book 779, Page 325, Instrument #2015-00005845, releasing Tracts One and Two.

5.

The immovable property listed on **Exhibit C-1,** attached hereto and made a part hereof as referenced thereto, shows the original Tracts Three and Four of the aforementioned mortgages and is the property being foreclosed on and to be seized and sold.

6.

Defendants, **JAMES RANDY LAFLEUR and BONNIE ROBERT LAFLEUR,** are in default on payments due under the Notes, the entire balance is now due and payable as a result of acceleration of maturity of the unpaid principal and interest by Plaintiff or

by virtue of the terms for payment of the Notes and all conditions precedent to the commencement of this action have been satisfied.

7.

There is presently due and outstanding under the Notes the following amounts:

| Loan Code | Unpaid Principal | Unpaid Interest | Daily Accrual |
|-----------|------------------|-----------------|---------------|
| 44-11 | $ 89,093.62 | $ 2,143.68 | $ 4.8818 |
| 43-55 | $ 68,516.35 | $ 6,328.38 | $ 7.0394 |
| 43-56 | $ 55,737.84 | $ 8,961.96 | $ 5.7265 |
| 43-57 | $102,434.47 | $16,470.21 | $10.5241 |
| 43-58 | $ 23,310.68 | $ 3,796.31 | $ 2.4258 |
| Recoverable Cost | | | |
| 43-95 | $     700.00 | $     22.23 | $ .0719 |

as of July 30, 2018, the Defendants, **JAMES RANDY LAFLEUR and BONNIE ROBERT LAFLEUR**, owes an unpaid principal balance of $340,092.96, plus accrued interest in the amount of $37,722.77 for a total balance of $377,815.73, plus interest accruing thereafter at the daily rate of $30.6695, together with interest at the note rates of 3.75% per annum until paid in full. Attached hereto and made a part hereof as Exhibit D-1 is an Affidavit executed by Plaintiff, verifying the amounts due and owing.

8.

Plaintiff desires to enforce its rights in this action in rem only, and does not assert or seek to recover a claim against any party in personam for the amounts due and owing Plaintiff as set forth in Paragraph 7 above, plus additional interest to which Plaintiff may be entitled and all costs of this action.

**WHEREFORE, PLAINTIFF PRAYS** for Judgment in its favor and against Defendants, **JAMES RANDY LAFLEUR and BONNIE ROBERT LAFLEUR**, in rem only and not in personam, for the amounts due and owing Plaintiff as set forth in Paragraph 7 above,

plus additional interest to which Plaintiff may be entitled and all costs of this action.

**WHEREFORE, PLAINTIFF PRAYS** that the Mortgage be recognized and maintained upon the property subject to the Mortgage, and that said property be sold, without appraisal and according to law, at public auction to the highest bidder, and that out of the proceeds of said sale of the Plaintiff be paid in preference and priority to all other persons whomsoever the amount of its claim in accordance with the terms of the Mortgage, and that the amount replied from the sale be credited pro tanto  upon the amount of the judgment herein; and

**WHEREFORE, PLAINTIFF FURTHER PRAYS** for all orders and decrees necessary in the premises and for all general and equitable relief to which it may be entitled.

H. James Lossin, Sr. #8799
Attorney for USA-FSA
Post Office Box 398
Jonesville, Louisiana  71343
Phone:  (318) 339-7238
Fax:     (318) 339-7233

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | JAMES RANDY LAFLEUR and BONNIE ROBERT LAFLEUR |

| (b) County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant ___Avoyelles___ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| H. James Lossin, Sr.    318-339-7238 | |
| P. O. Box 398 | |
| Jonesville, LA 71343 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
    Plaintiff

☐ 3  Federal Question
    *(U.S. Government Not a Party)*

☐ 2  U.S. Government
    Defendant

☐ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | **PERSONAL INJURY** | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Personal Injury Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | Liability | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 371 Truth in Lending | | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
  Proceeding

☐ 2 Removed from
  State Court

☐ 3 Remanded from
  Appellate Court

☐ 4 Reinstated or
  Reopened

☐ 5 Transferred from
  Another District
  *(specify)*

☐ 6 Multidistrict
  Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1345

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
377,815.73

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
11/26/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**EXHIBIT**
**A-1**

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

| FSA-2026 | U.S. DEPARTMENT OF AGRICULTURE | Position 2 |
|---|---|---|
| (12-05-12) | Farm Service Agency | |

## PROMISSORY NOTE

| 1. Name<br>LAFLEUR, James Randy | 2. State<br>Louisiana | 3. County<br>Avoyelles |
|---|---|---|
| 4. Case Number<br>22-05-XXXXX2049 | 5. Fund Code<br>44 | 6. Loan Number<br>11 | 7. Date<br>March 17, 2014 |

**8. TYPE OF ASSISTANCE**
OL

**9. ACTION REQUIRING PROMISSORY NOTE:**

☐ Initial loan   ☐ Conservation easement   ☐ Deferred payments

☐ Consolidation   ☐ Rescheduling   ☐ Debt write down

☒ Subsequent loan   ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in (a)   629 Tunica Dr. West, Marksville, LA   or at such other place as the Government may later designate in writing, the principal sum of (b)   EIGHTY-NINE THOUSAND NINE HUNDRED AND NO/100--------------------
dollars (c) ($   89,900.00                                     , plus interest on
the unpaid principal balance at the **RATE** of (d) TWO
percent (e)   2.0         %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a)   2
installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 91,698.00 | 01-01-15 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and (d) $                              thereafter on the (e) 01-01-              of each (f) YEAR                 until the
principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g)   1                              years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.

Initial _J.R.L._   Date _3-17-2014_

**FSA-2026** (12-05-12)

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____   Date  3-17-2014

FSA-2026 (12-05-12)                                                                                    Page 3 of 3

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**


_JAMES RANDY LAFLEUR_


_BONNIE ROBERT LAFLEUR_


504 South Knoll St.
Bunkie, LA  71322

NOTE:  *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.***

**EXHIBIT**
**A-2**

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

**FSA-2026**
(12-05-12)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name LAFLEUR, James Randy | 2. State Louisiana | 3. County Avoyelles |
|---|---|---|

| 4. Case Number 22-05-XXXXX2049 | 5. Fund Code 43 | 6. Loan Number | 7. Date March 17, 2014 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE EM | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan　☐ Conservation easement　☐ Deferred payments

☐ Consolidation　☒ Rescheduling　☐ Debt write down

☐ Subsequent loan　☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)* 629 Tunica Dr. West, Marksville, LA or at such other place as the Government may later designate in writing, the principal sum of *(b)* ONE HUNDRED NINE THOUSAND FIVE HUNDRED SIXTY-THREE AND .34/100- dollars *(c)* ($ 109,563.34 , plus interest on the unpaid principal balance at the **RATE** of *(d)* THREE AND THREE-FOURTHS percent *(e)* 3.75 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 16 installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 9,683.00.00 | 01-01-15 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $ 9,683.00 thereafter on the *(e)* 01-01- of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 15 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Initial _J.R.L._ Date _3-17-2014_

**FSA-2026** (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 43-48 | $   111,237.74 | 3.75   % | 03-05-12 | James Randy Lafleur | 01-01-27 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _~~G R~~_   Date _3-11-2014_

**FSA-2026** (12-05-12)

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**


_____
JAMES RANDY LAFLEUR


_____
BONNIE ROBERT LAFLEUR


504 South Knoll St.
Bunkie, LA  71322

NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(09-07-10)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name<br>Lafleur, James Randy | | 2. State<br>Louisiana | 3. County<br>Avoyelles |
|---|---|---|---|
| 4. Case Number<br>22005-434962049 | 5. Fund Code<br>43 | 6. Loan Number | 7. Date<br>    March 5, 2012 |

| 8. TYPE OF ASSISTANCE<br>  EM | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan     ☐ Conservation easement     ☐ Deferred payments

☐ Consolidation     ☒ Rescheduling     ☐ Debt write down

☐ Subsequent loan     ☐ Reamortization

10.  FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*   629 Tunica Dr. West, Marksville, LA  71351    or at such other place as the Government may later designate in writing, the principal sum of *(b)*  ONE HUNDRED ELEVEN THOUSAND TWO HUNDED THIRTY-SEVEN AND  .74/100- dollars *(c)* ($  111,237.74                          , plus interest on the unpaid principal balance at the RATE of *(d)*  THREE AND THREE-FOURTHS

percent *(e)*   3.75        %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11.  Principal and interest shall be paid in *(a)*   16

installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 9,831.00 | 01-01-2013 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $  9,831.00        thereafter on the *(e)*  01               of each *(f)* year              until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  15                years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.

Initial _JRL_ Date _3-5-12_

FSA-2026 (09-07-10)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 43-40 | $ 113,833.81 | 3.75 % | 05-06-10 | James Randy Lafleur | 01-01-25 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____ Date _3-5-12_

FSA-2026 (09-07-10)

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.


JAMES RANDY LAFLEUR

BONNIE ROBERT LAFLEUR


504 South Knoll Street
Bunkie, LA   71322

NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

This form is available electronically.

**FSA-2026**
(04-08-10)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name JAMES RANDY LAFLEUR | 2. State LOUISIANA | 3. County AVOYELLES |
|---|---|---|

| 4. Case Number 22-005-434962049 | 5. Fund Code 43 | 6. Loan Number | 7. Date MAY 6, 2010 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE EMERGENCY | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan   ☐ Conservation easement   ☐ Deferred payments

☐ Consolidation   ☒ Rescheduling   ☐ Debt write down

☐ Subsequent loan   ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*  313 N MONROE ST, MARKSVILLE  LA  71351  or at such other place as the Government may later designate in writing, the principal sum of *(b)*  ONE HUNDRED THIRTEEN THOUSAND EIGHT HUNDRED THIRTY THREE & 81/100  dollars *(c)* ($  113,833.81  , plus interest on the unpaid principal balance at the **RATE** of *(d)* THREE & THREE-FOURTHS percent *(e)*  3.75  %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* FIFTEEN  installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 10,061.00 | 01-01-2011 | $ 10,061.00 | 01-01-2012 |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $  10,061.00  thereafter on the *(e)* FIRST  of each *(f)* YEAR  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* FIFTEEN  years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Initial _(signature)_   Date 5-6-10

FSA-2026 (04-08-10)                                                                                   Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 43~29 | $  109,470.00 | 3.75  % | 04-09-2009 | JAMES RANDY LAFLEUR | 01-01-2027 |
|  | $ |   % |  |  |  |
|  | $ |   % |  |  |  |
|  | $ |   % |  |  |  |
|  | $ |   % |  |  |  |
|  | $ |   % |  |  |  |
|  | $ |   % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _J.R.L_      Date _5-6-10_

FSA-2026 (04-08-10)

Page 3 of 3

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

JAMES RANDY LAFLEUR                    MAY 6, 2010

BONNIE ROBERT LAFLEUR                  MAY 6, 2010

NOTE:    The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.  The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Form Approved - OMB No. 0560-0237

This form is available electronically.  *(See Page 4 for Privacy Act and Public Burden Statements.)*

| FSA-2026 | U.S. DEPARTMENT OF AGRICULTURE | Position 2 |
|---|---|---|
| (12-31-07) | Farm Service Agency | |

# PROMISSORY NOTE

| 1. Name<br><br>LAFLEUR, James R. | | 2. State<br><br>Louisiana | 3. County<br><br>Avoyelles |
|---|---|---|---|
| 4. Case Number<br>22-005-434962049 | 5. Fund Code<br>43 | 6. Loan Number<br>29 | 7. Date<br>April 9, 2009 |

| 8. TYPE OF ASSISTANCE<br><br>EM | 9. ACTION REQUIRING PROMISSORY NOTE:<br><br>☑ Initial loan   ☐ Conservation easement   ☐ Deferred payments<br>☐ Subsequent loan   ☐ Rescheduling   ☐ Debt write down<br>☐ Consolidation   ☐ Reamortization |
|---|---|

10.  FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*  313 N.Monroe St.Suite 3 Marksville La.   or at such other place as the Government may later

designate in writing, the principal sum of *(b)* ONE HUNDRED NINE THOUSAND FOUR HUNDED SEVENTY AND NO/100----

_____ dollars *(c)* ($ 109,470.00_____ , plus interest on the unpaid principal balance at the

**RATE** of *(d)* _____ THREE AND THREE-FOURTHS_____ percent *(e)* 3.75 %) per annum.

If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11.  Principal and interest shall be paid in *(a)* _____18_____ installments as indicated below, except as modified by a different

rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 8,473.00 | 01-01-10 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $ 8,473.00_____ thereafter on the *(e)* 01-01- of each *(f)* year until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*_____18_____ years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.  Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD).  USDA is an equal opportunity provider and employer.*

Initial _____   Date  4-9-09

FSA-2026 (12-31-07)

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $. | % | | | |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _____     Date  4-9-09

FSA-2026 (12-31-07)                                                                                                    Page 3 of 4

.20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.


JAMES RANDY LAFLEUR

BONNIE ROBERT LAFLEUR


504 South Knoll St.
Bunkie, LA  71322

FSA-2026 (12-31-07)

## 24. RECORD OF ADVANCES

| A.<br>AMOUNT | B.<br>DATE | A.<br>AMOUNT | B<br>DATE | A.<br>AMOUNT | B.<br>DATE |
|---|---|---|---|---|---|
| (1) $  109,470.00 | 04-14-09 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C. TOTAL: | $ | |

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms.  The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses.  Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law.  In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies.  Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated  to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Initial _____   Date 4-9-09

EXHIBIT
A-3

This form is available electronically.

Form Approved - OMB No. 0560-0237
*(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)*

**FSA-2026**
(12-05-12)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| LAFLEUR, James Randy | Louisiana | Avoyelles |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 22-05-XXXXX2049 | 43 | | March 17, 2014 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| EM | ☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments |
|  | ☐ Consolidation  ☒ Rescheduling  ☐ Debt write down |
|  | ☐ Subsequent loan  ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)*   629 Tunica Dr. West, Marksville, LA   or such other place as the Government may later designate in writing, the principal sum of *(b)*  FIFTY-FIVE THOUSAND SEVEN HUNDRED THIRTY-SEVEN AND .84/100-----

dollars *(c)* ($  55,737.84                                       , plus interest on

the unpaid principal balance at the **RATE** of *(d)* THREE AND THREE-FOURTHS

percent *(e)*  3.75    %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*   16

installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 4,926.00 | 01-01-15 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $  4,926.00      thereafter on the *(e)* 01-01-        of each *(f)* YEAR            until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   15                     years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Initial *J.R.L*    Date  3-17-2014

FSA-2026 (12-05-12)                                                                 Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 43-49 | $ 56,590.33 | 3.75 % | 03-05-12 | James Randy Lafleur | 01-01-27 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial  _J.R.L._   Date _3-17-2014_

**FSA-2026** (12-05-12)                                                                                                   Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**


_____
JAMES RANDY LAFLEUR


_____
BONNIE ROBERT LAFLEUR


504 South Knoll St.
Bunkie, LA  71322

NOTE:     The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(09-07-10)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name<br>Lafleur, James Randy | 2. State<br>Louisiana | 3. County<br>Avoyelles |
|---|---|---|

| 4. Case Number<br>22005-434962049 | 5. Fund Code<br>43 | 6. Loan Number | 7. Date<br>March 5, 2012 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE<br>EM | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan   ☐ Conservation easement   ☐ Deferred payments

☐ Consolidation   ☒ Rescheduling   ☐ Debt write down

☐ Subsequent loan   ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*   629 Tunica Dr. West, Marksville, LA  71351    or at such other place as the Government may later designate in writing, the principal sum of *(b)*   FIFTY-SIX THOUSAND FIVE HUNDRED NINETY AND .33/100------------ dollars *(c)* ($  56,590.33                                       , plus interest on the unpaid principal balance at the RATE of *(d)*   THREE AND THREE-FOURTHS percent *(e)*   3.75      %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  16 installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 5,002.00 | 01-01-2013 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $  5,002.00     thereafter on the *(e)* 01                      of each *(f)* year                until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   15                    years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.*

Initial _J.R.L._   Date _3-5-12_

FSA-2026 (09-07-10)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 43-41 | $  57,906.24 | 3.75  % | 05-06-10 | James Randy Lafleur | 01-01-25 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____   Date  3-5-12

FSA-2026 (09-07-10)

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

JAMES RANDY LAFLEUR

BONNIE ROBERT LAFLEUR

504 South Knoll Street
Bunkie, LA  71322

NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

   According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026 | U.S. DEPARTMENT OF AGRICULTURE | Position 2 |
|---|---|---|
| (04-08-10) | Farm Service Agency | |

## PROMISSORY NOTE

| 1. Name<br>JAMES RANDY LAFLEUR | 2. State<br>LOUISIANA | 3. County<br>AVOYELLES |
|---|---|---|
| 4. Case Number<br>22-005-434962049 | 5. Fund Code<br>43 | 6. Loan Number | 7. Date<br>MAY 6, 2010 |

| 8. TYPE OF ASSISTANCE<br>EMERGENCY | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan   ☐ Conservation easement   ☐ Deferred payments
☐ Consolidation   ☒ Rescheduling   ☐ Debt write down
☐ Subsequent loan   ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a)  313 N MONROE ST, MARKSVILLE  LA  71351  or at such other place as the Government may later designate in writing, the principal sum of (b)  FIFTY SEVEN THOUSAND NINE HUNDRED SIX & 24/100  dollars (c) ($  57,906.24 , plus interest on the unpaid principal balance at the **RATE** of (d)  THREE & THREE-FOURTHS  percent (e)  3.75  %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a)  FIFTEEN  installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 5,118.00 | 01-01-2011 | $ 5,118.00 | 01-01-2012 |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and (d) $  5,118.00  thereafter on the (e)  FIRST  of each (f)  YEAR  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g)  FIFTEEN  years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.

Initial _____  Date 5-6-10

FSA-2026 (04-08-10)                                                                                    Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 43-33 | $  55,664.42 | 3.75      % | 04-09-2009 | JAMES  RANDY  LAFLEUR | 01-01-2024 |
|  | $ |          % |  |  |  |
|  | $ |          % |  |  |  |
|  | $ |          % |  |  |  |
|  | $ |          % |  |  |  |
|  | $ |          % |  |  |  |
|  | $ |          % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _____   Date 5-6-10

FSA-2026 (04-08-10)                                                                                                                          Page 3 of 3

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.


_____                              MAY 6, 2010
JAMES RANDY LAFLEUR

_____                              MAY 6, 2010
BONNIE ROBERT LAFLEUR

NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.  The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 4 for Privacy Act and Public Burden Statements.)

| FSA-2026 | U.S. DEPARTMENT OF AGRICULTURE | Position 2 |
|---|---|---|
| (12-31-07) | Farm Service Agency | |

# PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| LAFLEUR, James R. | Louisiana | Avoyelles |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 22-005-434962049 | 43 | | April 9, 2009 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| EM | ☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments |
| | ☐ Subsequent loan  ☑ Rescheduling  ☐ Debt write down |
| | ☐ Consolidation  ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a) ___313 N.Monroe St.Suite 3 Marksville La.___ or at such other place as the Government may later designate in writing, the principal sum of (b) FIFTY-FIVE THOUSAND SIX HUNDRED SIXTY-FOUR AND .42/100------ ___ dollars (c) ($ _55,664.42_ , plus interest on the unpaid principal balance at the

RATE of (d) ___THREE AND THREE-FOURTHS___ percent (e) _3.75_ %) per annum.
If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a)___15___ installments as indicated below, except as modified by a different

rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 4,920.00 | 01-01-10 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and (d) $ _4,920.00_ thereafter on the (e) ___01-01-___ of each (f)___year___ until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g)___15___ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial _JRL_   Date _4-9-09_

FSA-2026 (12-31-07)                                                                                          Page 2 of 3

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST<br>RATE | (d)<br>DATE<br>(include year) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL. DUE<br>(include year) |
|---|---|---|---|---|---|
| 43-25 | $ 56,311.37 | 3.75 % | 03-01-07 | James Randy Lafleur | 01-01-22 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _____   Date 4-9-09

FSA-2026 (12-31-07)                                                                                                    Page 3 of 4

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

JAMES RANDY LAFLEUR

BONNIE ROBERT LAFLEUR

504 South Knoll St.
Bunkie, LA  71322

FSA-2026 (12-31-07)

Page 4 of 4

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ | | (8)  $ | | (15) $ | |
| (2) $ | | (9)  $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20)$ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | C. TOTAL:   $ | |

NOTE: *The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms.  The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses.  Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law.  In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies.  Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated  to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Initial _JRL_          Date _4-9-09_

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN |
|---|
| Type: __EM__   [✓] Regular |
| [ ] Limited Resource |
| Pursuant to: |
| [ ] Consolidated Farm & Rural Development Act |
| [✓] Emergency Agricultural Credit Adjustment Act of 1978 |

**1. Name**
JAMES RANDY LAFLEUR

| 2. State | 3. County |
|---|---|
| LOUISIANA | AVOYELLES |

| 4. Case Number | 5. Date |
|---|---|
| 22-005-434962049 | MARCH 1ST, 2007 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 43 | |

**9. ACTION REQUIRING NOTE**

| | |
|---|---|
| [ ] Initial loan | [✓] Rescheduling |
| [ ] Subsequent loan | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | [ ] Credit sale |
| [ ] Consolidation | [ ] Deferred payments |
| [ ] Conservation easement | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in _313 NORTH MONROE STREET, SUITE 3, MARKSVILLE, LOUISIANA 71351_

_____, or at such other place as the Government may later designate in writing, the principal sum of

_FIFTY SIX THOUSAND THREE HUNDRED ELEVEN & 37/100_ ------------------------------------------ dollars

($ _56,311.37_____), plus interest on the unpaid principal balance at the **RATE** of

_THREE & THREE-FOURTHS_____ percent ( _3.75_ %) per annum and

_N/A_____ dollars ($_____ )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in _FIFTEEN_____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$_4,977.00_____ on _JANUARY 1ST, 2008_ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

and $_4,977.00_____ thereafter on _JANUARY 1ST_ of each _YEAR_____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable _FIFTEEN_____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**FSA-1940-17** (10-26-99)                                                                                      Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.  For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.  Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.  While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis.  The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder.  The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE *(include year)* | ORIGINAL BORROWER | LAST INSTALL. DUE *(include year)* |
|---|---|---|---|---|---|
| 43-19 | $ 54,206.23 | 3.75 % | 02-16-06 | JAMES RANDY LAFLEUR | 01-01-2021 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD).  USDA is an equal opportunity provider and employer.*

**FSA-1940-17** (10-26-99)                                                                                       Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

JAMES RANDY LAFLEUR                                                                               (Borrower)

BONNIE ROBERT LAFLEUR                                         CO-BORROWER

504 SOUTH KNOLL STREET

BUNKIE,  LA  71322

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | **TOTAL** | $ |  |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

### PROMISSORY NOTE

| 8.  KIND OF LOAN | |
|---|---|
| Type:  EM | [X] Regular |
| | [ ] Limited Resource |
| Pursuant to: | |
| [X] Consolidated Farm & Rural Development Act | |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 | |

**1. Name**
JAMES RANDY LAFLEUR

| 2. State | 3. County |
|---|---|
| LOUISIANA | AVOYELLES |

| 4. Case Number | 5. Date |
|---|---|
| 22-005-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 | FEBRUARY 16, 2006 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 43 | |

| 9.  ACTION REQUIRING NOTE | | |
|---|---|---|
| [ ] Initial loan | [X] Rescheduling |
| [ ] Subsequent loan | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | [ ] Credit sale |
| [ ] Consolidation | [ ] Deferred payments |
| [ ] Conservation easement | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in ___313 NORTH MONROE STREET, SUITE 3, MARKSVILLE, LOUISIANA 71351___

_____ , or at such other place as the Government may later designate in writing, the principal sum of

___FIFTY FOUR THOUSAND TWO HUNDRED SIX & 23/100___ _____ dollars

($_____54,206.23___ ), plus interest on the unpaid principal balance at the **RATE** of

___THREE & THREE-FOURTHS___ _____ percent ( ____3.75___ %) per annum and

_____N/A___ _____ dollars ($_____ )

of Noncapitalized interest.  If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address.  The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ___FIFTEEN___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$___4,791.00___ on JANUARY 01, 2007 ___ ; $___4,791.00___ on JANUARY 01, 2008 ___ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

and $___4,791.00___ thereafter on ___JANUARY 1ST___ of each ___YEAR___ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ___FIFTEEN___ years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government.  Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note.  Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**FSA-1940-17** (10-26-99)

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.  For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.  Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.  While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis.  The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder.  The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 43-14 | $ 52,574.97 | 3.75 % | 04-20-2005 | JAMES RANDY LAFLEUR | 01-01-2020 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD).  USDA is an equal opportunity provider and employer.

**FSA-1940-17** (10-26-99)                                                                 Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_JAMES RANDY LAFLEUR_                                                              (Borrower)

_BONNIE ROBERT LAFLEUR_

504 SOUTH KNOLL

BUNKIE,  LA  71322

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | TOTAL | $ |  |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

### PROMISSORY NOTE

| 8. KIND OF LOAN |
|---|
| Type: ___EM___   [x] Regular |
| [ ] Limited Resource |
| Pursuant to: |
| [x] Consolidated Farm & Rural Development Act |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 |

1. Name
JAMES RANDY LAFLEUR

| 2. State    LOUISIANA | 3. County    AVOYELLES |
|---|---|

| 4. Case Number    22-005-434962049 | 5. Date    APRIL 20, 2004 |
|---|---|

| 6. Fund Code    43 | 7. Loan Number |
|---|---|

**9. ACTION REQUIRING NOTE**

| | |
|---|---|
| [ ] Initial loan | [x] Rescheduling |
| [ ] Subsequent loan | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | [ ] Credit sale |
| [ ] Consolidation | [ ] Deferred payments |
| [ ] Conservation easement | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in   313 NORTH MONROE STREET, SUITE 3, MARKSVILLE  LA  71351

_____, or at such other place as the Government may later designate in writing, the principal sum of

FIFTY TWO THOUSAND FIVE HUNDRED SEVENTY FOUR & 97/100  ------------------------------------ dollars

($_____52,574.97___), plus interest on the unpaid principal balance at the **RATE** of

THREE & THREE-FOURTHS _____percent (____3.75 %) per annum and

_____N/A_____dollars ($_____)

of Noncapitalized interest.  If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ____FIFTEEN____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$____4,647.00_on  JANUARY 1ST, 2006__ ; $_____ on _____ ;

$_____on _____ ; $_____ on _____ ;

$_____on _____ ; $_____ on _____ ;

$_____on _____ ; $_____ on _____ ;

$_____on _____ ; $_____ on _____ ;

$_____on _____ ; $_____ on _____ ;

and $_____4,647.00_thereafter on  JANUARY 1ST_____of each  YEAR_____until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable ___FIFTEEN_____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**FSA-1940-17** (10-26-99)                                                                                                         Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.  For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.  Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.  While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted to the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis.  The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder.  The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 43-07 | $  52,690.00 | 3.75 % | 5-11-2003 | JAMES LAFLEUR | 01-01-2023 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD).  USDA is an equal opportunity provider and employer.

**FSA-1940-17** (10-26-99)                                                                                     Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.  If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

<u>James Randy Lafleur</u>
JAMES RANDY LAFLEUR                                                          *(Borrower)*

<u>Bonnie Robert Lafleur</u>
BONNIE ROBERT LAFLEUR                                                        (CO-BORROWER)

504 SOUTH KNOLL STREET

BUNKIE, LA  71322

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN |
| --- |
| Type: __EM__   [X] Regular |
| [ ] Limited Resource |
| Pursuant to: |
| [ ] Consolidated Farm & Rural Development Act |
| [X] Emergency Agricultural Credit Adjustment Act of 1978 |

| 1. Name |
| --- |
| JAMES R. LAFLEUR |

| 2. State | 3. County |
| --- | --- |
| LOUISIANA | AVOYELLES |

| 4. Case Number | 5. Date |
| --- | --- |
| 22-005-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 | MAY 12, 2003 |

| 6. Fund Code | 7. Loan Number |
| --- | --- |
| 43 | 07 |

**9. ACTION REQUIRING NOTE**

| | | |
| --- | --- | --- |
| [X] Initial loan | | [ ] Rescheduling |
| [ ] Subsequent loan | | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | | [ ] Credit sale |
| [ ] Consolidation | | [ ] Deferred payments |
| [ ] Conservation easement | | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __313 NORTH MONROE STREET, SUITE 3, MARKSVILLE LA 71351__

_____ , or at such other place as the Government may later designate in writing, the principal sum of

__FIFTY TWO THOUSAND SIX HUNDRED NINETY & NO/100 -------------------------------------------------__ dollars

($__52,690.00 -------------------------__), plus interest on the unpaid principal balance at the **RATE** of

__THREE & THREE-FOURTHS_____percent (__3.75__%) per annum and

__N/A_____dollars ($_____)

of Noncapitalized interest.  If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST,** in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address.  The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in __TWENTY__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$__3,792.00__on __JANUARY 1ST, 2004__ ; $_____on _____ ;

$_____on _____ ; $_____on _____ ;

$_____on _____ ; $_____on _____ ;

$_____on _____ ; $_____on _____ ;

$_____on _____ ; $_____on _____ ;

$_____on _____ ; $_____on _____ ;

and $__3,792.00__thereafter on __JANUARY 1ST__ of each__YEAR__until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __TWENTY__ years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government.  Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note.  Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**FSA-1940-17** (10-26-99)                                                                                                                    Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.  For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.  Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.  While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis.  The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder.  The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD).  USDA is an equal opportunity provider and employer.*

FSA-1940-17 (10-26-99)                                                                                      Page 3 of 3

    **HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.  If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

    **DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitue default under this note.  **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

    This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

                                JAMES  R.  LAFLEUR                  (Borrower)

(SEAL)

                                BONNIE  ROBERT  LAFLEUR        Co-  *(Borrower)*

                              504 SOUTH KNOLL ST.

                              BUNKIE,  LA  71322

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 52,690.00 | 5/12/03 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ 52,690.00 | |

**EXHIBIT A-4**

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

**FSA-2026**
(12-05-12)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name LAFLEUR, James Randy | | 2. State Louisiana | 3. County Avoyelles |
|---|---|---|---|
| 4. Case Number 22-05-XXXXX2049 | 5. Fund Code 43 | 6. Loan Number | 7. Date March 17, 2014 |

| 8. TYPE OF ASSISTANCE EM | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan   ☐ Conservation easement   ☐ Deferred payments
☐ Consolidation   ☒ Rescheduling   ☐ Debt write down
☐ Subsequent loan   ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)* 629 Tunica Dr. West, Marksville, LA or at such other place as the Government may later designate in writing, the principal sum of *(b)* ONE HUNDRED TWO THOUSAND FOUR HUNDRED THIRTY-FOUR AND .47------ dollars *(c)* ($ 102,434.47 , plus interest on the unpaid principal balance at the **RATE** of *(d)* THREE AND THREE-FOURTHS percent *(e)* 3.75 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 16 installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 9,053.00 | 01-01-15 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $ 9,053.00 thereafter on the *(e)* 01-01- of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 15 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _[signature]_ Date 3-19-2014

**FSA-2026** (12-05-12)                                                                                  Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 43-50 | $ 104,000.57 | 3.75 % | 03-05-12 | James Randy Lafleur | 01-01-27 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _J.R.L._  Date _3-19-2014_

**FSA-2026** (12-05-12)                                                                 Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**


_____
JAMES  RANDY  LAFLEUR


_____
BONNIE  ROBERT  LAFLEUR


504 South Knoll St.
Bunkie, LA  71322


NOTE:     The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

     According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(09-07-10)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

# PROMISSORY NOTE

| 1. Name<br>Lafleur, James Randy | 2. State<br>Louisiana | 3. County<br>Avoyelles |
|---|---|---|
| 4. Case Number<br>22005-434962049 | 5. Fund Code<br>43 | 6. Loan Number | 7. Date<br>March 5, 2012 |

| 8. TYPE OF ASSISTANCE<br>EM | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan ☐ Conservation easement ☐ Deferred payments

☐ Consolidation ☒ Rescheduling ☐ Debt write down

☐ Subsequent loan ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*   629 Tunica Dr. West, Marksville, LA  71351   or at such other place as the Government may later designate in writing, the principal sum of *(b)* ONE HUNDRED FOUR THOUSAND AND .57/100-------------------------- dollars *(c)* ($  104,000.57                          , plus interest on the unpaid principal balance at the **RATE** of *(d)*          THREE AND THREE-FOURTHS percent *(e)*   3.75          %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*   16   installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 9,192.00 | 01-01-2013 | $ | |
| $ | | $ | |
| $ | | $ | |
| $. | | $ | |

and *(d)* $  9,192.00      thereafter on the *(e)* 01              of each *(f)* year              until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   15              years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.*

Initial _____   Date  3-5-12

FSA-2026 (09-07-10)                                                                                     Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 43-42 | $  106,418.17 | 3.75  % | 05-06-10 | James Randy Lafleur | 01-01-25 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____   Date  3-5-12

FSA-2026 (09-07-10)                                                                    Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

_JAMES RANDY LAFLEUR_

_BONNIE ROBERT LAFLEUR_

504 South Knoll Street
Bunkie, LA  71322

NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| | | |
|---|---|---|
| **FSA-2026**<br>(04-08-10) | **U.S. DEPARTMENT OF AGRICULTURE**<br>Farm Service Agency | Position 2 |

## PROMISSORY NOTE

| 1. Name<br>JAMES RANDY LAFLEUR | 2. State<br>LOUISIANA | 3. County<br>AVOYELLES |
|---|---|---|
| 4. Case Number<br>22-005-434962049 | 5. Fund Code<br>43 | 6. Loan Number | 7. Date<br>MAY 6, 2010 |

| 8. TYPE OF ASSISTANCE<br>EMERGENCY | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan    ☐ Conservation easement    ☐ Deferred payments

☐ Consolidation    ☒ Rescheduling    ☐ Debt write down

☐ Subsequent loan    ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency (Government), or its assigns, at its office in (a) 313 N MONROE ST, MARKSVILLE LA 71351 or at such other place as the Government may later designate in writing, the principal sum of (b) ONE HUNDRED SIX THOUSAND FOUR HUNDRED EIGHTEEN & 17/100 dollars (c) ($ 106,418.17 , plus interest on the unpaid principal balance at the **RATE** of (d) THREE & THREE-FOURTHS percent (e) 3.75 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a) FIFTEEN installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 9,405.00 | 01-01-2011 | $ 9,405.00 | 01-01-2012 |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and (d) $ 9,405.00 thereafter on the (e) FIRST of each (f) YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g) FIFTEEN years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _____ Date 5-6-10

FSA-2026 (04-08-10)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 43-34 | $  102,298.22 | 3.75  % | 04-09-2009 | JAMES RANDY LAFLEUR | 01-01-2024 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _____  Date  5-6-10

FSA-2026 (04-08-10)

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.


JAMES  RANDY  LAFLEUR                                    MAY 6, 2010


BONNIE  ROBERT  LAFLEUR                                  MAY 6, 2010

NOTE:   *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.  The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

Form Approved - OMB No. 0560-0237

This form is available electronically.

*(See Page 4 for Privacy Act and Public Burden Statements.)*

**FSA-2026**
(12-31-07)

Position 2

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 1. Name  LAFLEUR, James R. | 2. State  Louisiana | 3. County  Avoyelles |
|---|---|---|

| 4. Case Number  22-005-434962049 | 5. Fund Code  43 | 6. Loan Number | 7. Date  April 9, 2009 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| EM | ☐ Initial loan   ☐ Conservation easement   ☐ Deferred payments  ☐ Subsequent loan   ☑ Rescheduling   ☐ Debt write down  ☐ Consolidation   ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* ___313 N.Monroe St.Suite 3 Marksville La.___ or at such other place as the Government may later

designate in writing, the principal sum of *(b)* ONE HUNDRED TWO THOUSAND TWO HUNDED NINETY-EIGHT AND  .22/100

_____ dollars *(c)* ($ _102,298.22_ , plus interest on the unpaid principal balance at the

**RATE** of *(d)* _____ THREE AND THREE-FOURTHS _____ percent *(e)* _3.75_ %) per annum.

If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* _____15_____ installments as indicated below, except as modified by a different

rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 9,041.00 | 01-01-10 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $ _9,041.00_ thereafter on the *(e)* _01-01-_ of each *(f)* _year_ until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* _____15_____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD).  USDA is an equal opportunity provider and employer.*

Initial _____   Date _4-9-09_

FSA-2026 (12-31-07)                                                                                                  Page 2 of 3

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST<br>RATE | (d)<br>DATE<br>*(include year)* | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL. DUE<br>*(include year)* |
|---|---|---|---|---|---|
| 43-26 | $ 103,487.58 | 3.75 % | 03-01-07 | James Randy Lafleur | 01-01-22 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _____       Date _4-8-09_

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

_____
JAMES  RANDY  LAFLEUR

_____
BONNIE  ROBERT  LAFLEUR


504 South Knoll St.
Bunkie, LA  71322

FSA-2026 (12-31-07)

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C. TOTAL: | $ | |

**NOTE:** *The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Initial _[signature]_  Date 4-9-09

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN | |
|---|---|
| Type: __EM__ | ☑ Regular |
| | ☐ Limited Resource |
| Pursuant to: | |
| ☐ Consolidated Farm & Rural Development Act | |
| ☑ Emergency Agricultural Credit Adjustment Act of 1978 | |

1. Name
   JAMES RANDY LAFLEUR

| 2. State | 3. County |
|---|---|
| LOUISIANA | AVOYELLES |

| 4. Case Number | 5. Date |
|---|---|
| 22-005-434962049 | MARCH 1ST, 2007 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 43 | |

| 9. ACTION REQUIRING NOTE | |
|---|---|
| ☐ Initial loan | ☑ Rescheduling |
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| ☐ Consolidation | ☐ Deferred payments |
| ☐ Conservation easement | ☐ Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in ___313 NORTH MONROE STREET, SUITE 3, MARKSVILLE, LOUISIANA 71351___

___, or at such other place as the Government may later designate in writing, the principal sum of

___ONE HUNDRED THREE THOUSAND FOUR HUNDRED EIGHTY SEVEN & 58/100 ----------------------___ dollars

($ _103,487.58_____), plus interest on the unpaid principal balance at the **RATE** of

___THREE & THREE-FOURTHS___ percent ( ___3.75___ %) per annum and

___N/A___ dollars ($_____)

of Noncapitalized interest.  If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address.  The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ___FIFTEEN___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | |
|---|---|---|---|
| $ 9,147.00 | on JANUARY 1ST, 2008 | ; $ | on ; |
| $ | on | ; $ | on ; |
| $ | on | ; $ | on ; |
| $ | on | ; $ | on ; |
| $ | on | ; $ | on ; |
| $ | on | ; $ | on ; |

and $ _9,147.00___ thereafter on ___JANUARY 1ST___ of each ___YEAR___ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ___FIFTEEN___ years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government.  Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note.  Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

FSA-1940-17 (10-26-99)                                                                                        Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.  For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.  Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.  While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis.  The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder.  The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE *(include year)* | ORIGINAL BORROWER | LAST INSTALL. DUE *(include year)* |
|---|---|---|---|---|---|
| 43-20 | $ 99,618.82 | 3.75 % | 02-16-06 | JAMES RANDY LAFLEUR | 01-01-2021 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD).  USDA is an equal opportunity provider and employer.*

FSA-1940-17 (10-26-99)                                                          Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.  If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_JAMES RANDY LAFLEUR_ _____ (Borrower)

_BONNIE ROBERT LAFLEUR_        CO-BORROWER

504 SOUTH KNOLL STREET

BUNKIE,  LA  71322

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: EM | [X] Regular | |
| | [ ] Limited Resource | |
| Pursuant to: | | |
| [X] Consolidated Farm & Rural Development Act | | |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 | | |

**1. Name**
JAMES RANDY LAFLEUR

| 2. State LOUISIANA | 3. County AVOYELLES |
|---|---|
| 4. Case Number 22-005-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 | 5. Date FEBRUARY 16, 2006 |
| 6. Fund Code 43 | 7. Loan Number |

| 9. ACTION REQUIRING NOTE | |
|---|---|
| [ ] Initial loan | [X] Rescheduling |
| [ ] Subsequent loan | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | [ ] Credit sale |
| [ ] Consolidation | [ ] Deferred payments |
| [ ] Conservation easement | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in    313 NORTH MONROE STREET, SUITE 3, MARKSVILLE, LOUISIANA 71351

_____, or at such other place as the Government may later designate in writing, the principal sum of

NINETY NINE THOUSAND SIX HUNDRED EIGHTEEN & 82/100 ------------------------------- dollars

($                99,618.82 ), plus interest on the unpaid principal balance at the **RATE** of

THREE & THREE-FOURTHS                                              percent (      3.75 %) per annum and

N/A                                                    dollars ($                    )

of Noncapitalized interest. · If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in    FIFTEEN    installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$        8,805.00 on JANUARY 01, 2007   ; $        8,805.00 on JANUARY 01, 2008   ;

$                on _____   ; $                on _____   ;

$                on _____   ; $                on _____   ;

$                on _____   ; $                on _____   ;

$                on _____   ; $                on _____   ;

$                on _____   ; $                on _____   ;

and $        8,805.00 thereafter on JANUARY 1ST   of each   YEAR   until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable    FIFTEEN    years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government.  Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note.  Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

FSA-1940-17 (10-26-99)

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 43-15 | $ 96,620.93 | 3.75 % | 04-20-2005 | JAMES RANDY LAFLEUR | 01-01-2020 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                                  Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.  If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_James Randy LaFleur_
JAMES RANDY LAFLEUR                                      (Borrower)

_Bonnie Robert LaFleur_
BONNIE ROBERT LAFLEUR

504 SOUTH KNOLL
BUNKIE,  LA  71322

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | **TOTAL** | $ |  |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

**PROMISSORY NOTE**

**8. KIND OF LOAN**

Type: EM    [x] Regular

[ ] Limited Resource

Pursuant to:

[x] Consolidated Farm & Rural Development Act

[ ] Emergency Agricultural Credit Adjustment Act of 1978

**9. ACTION REQUIRING NOTE**

| | | |
|---|---|---|
| [ ] Initial loan | [x] Rescheduling | |
| [ ] Subsequent loan | [ ] Reamortization | |
| [ ] Consolidated & subsequent loan | [ ] Credit sale | |
| [ ] Consolidation | [ ] Deferred payments | |
| [ ] Conservation easement | [ ] Debt write down | |

1. Name
JAMES RANDY LAFLEUR

2. State
LOUISIANA

3. County
AVOYELLES

4. Case Number
22-005-434962049

5. Date
APRIL 20, 2004

6. Fund Code
43

7. Loan Number

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in 313 NORTH MONROE STREET, SUITE 3, MARKSVILLE LA 71351

_____ , or at such other place as the Government may later designate in writing, the principal sum of

NINETY SIX THOUSAND SIX HUNDRED TWENTY & 93/100 --------------------------------- dollars

($ 96,620.93 ), plus interest on the unpaid principal balance at the **RATE** of

THREE & THREE-FOURTHS percent ( 3.75 %) per annum and

N/A dollars ($_____ )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in FIFTEEN installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ 8,540.00 on JANUARY 1ST, 2006 ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

and $ 8,540.00 thereafter on JANUARY 1ST of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable FIFTEEN years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**FSA-1940-17** (10-26-99)

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 43-08 | $ 98,450.99 | 3.75 % | 5-7-03 | JAMES LAFLEUR | 01-01-18 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                                     Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.  If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_James Randy Lafleur_ _____ (Borrower)
JAMES RANDY LAFLEUR

_Bonnie Robert Lafleur_ _____ (CO-BORROWER)
BONNIE ROBERT LAFLEUR

504 SOUTH KNOLL STREET
BUNKIE, LA 71322

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN |
|---|
| Type: ___EM___   [X] Regular |
| [ ] Limited Resource |
| Pursuant to: |
| [ ] Consolidated Farm & Rural Development Act |
| [X] Emergency Agricultural Credit Adjustment Act of 1978 |

| 1. Name |
|---|
| JAMES RANDY LAFLEUR |

| 2. State | 3. County |
|---|---|
| LOUISIANA | AVOYELLES |

| 4. Case Number | 5. Date |
|---|---|
| 22-005-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 | MAY 7, 2003 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 43 | |

| 9. ACTION REQUIRING NOTE | |
|---|---|
| [ ] Initial loan | [X] Rescheduling |
| [ ] Subsequent loan | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | [ ] Credit sale |
| [ ] Consolidation | [ ] Deferred payments |
| [ ] Conservation easement | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in ___313 NORTH MONROE STREET, SUITE 3, MARKSVILLE LA 71351___

_____, or at such other place as the Government may later designate in writing, the principal sum of

___NINETY EIGHT THOUSAND FOUR HUNDRED FIFTY & 99/100 -----------------------------------------___ dollars

($ ___98,450.99 -----------------------___), plus interest on the unpaid principal balance at the **RATE** of

___THREE & THREE FOURTHS___ percent ( ___3.75___ %) per annum and

___N/A___ dollars ($_____)

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST,** in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ___FIFTEEN___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ ___8,702.00___ on ___JANUARY 1ST, 2004___ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

and $ ___8,702.00___ thereafter on ___JANUARY 1ST___ of each ___YEAR___ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ___FIFTEEN___ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**FSA-1940-17** (10-26-99)                                                                                    Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.  For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.  Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.  While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis.  The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder.  The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 43-04 | $ 94,230.00 | 3.75 % | 2/21/02 | JAMES LAFLEUR | 01/01/22 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | ✓ % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD).  USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                      Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.  If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

JAMES R. LAFLEUR                                                     (Borrower)

BONNIE ROBERT LAFLEUR                                          Co - (Borrower)

504 SOUTH KNOLL STREET

BUNKIE, LA 71322

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN |
|---|
| Type: __EM__    [X] Regular |
| [ ] Limited Resource |
| Pursuant to: |
| [X] Consolidated Farm & Rural Development Act |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 |

| 1. Name |
|---|
| JAMES RANDY LAFLEUR |

| 2. State | 3. County |
|---|---|
| LOUISIANA | AVOYELLES |

| 4. Case Number | 5. Date |
|---|---|
| 22-005-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 | FEBRUARY 21, 2002 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 43 | 04 |

**9. ACTION REQUIRING NOTE**

| | |
|---|---|
| [X] Initial loan | [ ] Rescheduling |
| [ ] Subsequent loan | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | [ ] Credit sale |
| [ ] Consolidation | [ ] Deferred payments |
| [ ] Conservation easement | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __313 NORTH MONROE STREET, SUITE 3, MARKSVILLE LA 71351__

_____, or at such other place as the Government may later designate in writing, the principal sum of

__NINETY FOUR THOUSAND TWO HUNDRED THIRTY & NO/100 --------------------------------------------__ dollars

($ __94,230.00 ------------------------__ ), plus interest on the unpaid principal balance at the **RATE** of

__THREE & THREE FOURTHS__ percent ( __3.75__ %) per annum and

__N/A__ dollars ($_____ )

of Noncapitalized interest.  If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address.  The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in __TWENTY__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ __6,782.00__ on __JANUARY 01, 2003__ ; $ _____ on _____ ;

$ _____ on _____ ; $ _____ on _____ ;

$ _____ on _____ ; $ _____ on _____ ;

$ _____ on _____ ; $ _____ on _____ ;

$ _____ on _____ ; $ _____ on _____ ;

$ _____ on _____ ; $ _____ on _____ ;

and $ __6,782.00__ thereafter on __JANUARY 01,__ of each __YEAR__ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __TWENTY__ years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government.  Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note.  Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**FSA-1940-17** (10-26-99)

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant or agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

JAMES RANDY LAFLEUR                    (Borrower)

(SEAL)

BONNIE ROBERT LAFLEUR          Co - (Borrower)

504 SOUTH KNOLL STREET

BUNKIE, LA 71322

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

**EXHIBIT**

**A-5**

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

FSA-2026
(12-05-12)

Position 2

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| LAFLEUR, James Randy | Louisiana | Avoyelles |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 22-05-XXXXX2049 | 43 | | March 17, 2014 |

| 8. TYPE OF ASSISTANCE |
|---|
| EM |

9. ACTION REQUIRING PROMISSORY NOTE:

- [ ] Initial loan
- [ ] Consolidation
- [ ] Subsequent loan
- [ ] Conservation easement
- [x] Rescheduling
- [ ] Reamortization
- [ ] Deferred payments
- [ ] Debt write down

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)*   629 Tunica Dr. West, Marksville, LA   or at such other place as the Government may later designate in writing, the principal sum of *(b)*   TWENTY-THREE THOUSAND SIX HUNDRED TEN AND .68/100--------------
dollars *(c)* ($   23,610.68                                        , plus interest on the unpaid principal balance at the **RATE** of *(d)* THREE AND THREE-FOURTHS
percent *(e)*   3.75   %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*   16
installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 2,087.00.00 | 01-01-15 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $  2,087.00   thereafter on the *(e)* 01-01-   of each *(f)* YEAR   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   15   years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Initial   J.R.L.   Date   3-17-2014

FSA-2026 (12-05-12)                                                                                                  Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 43-51 | $   23,971.94 | 3.75   % | 03-05-12 | James Randy Lafleur | 01-01-27 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _JRL_      Date _3-19-2014_

**FSA-2026** (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

_JAMES RANDY LAFLEUR_

_BONNIE ROBERT LAFLEUR_

504 South Knoll St.
Bunkie, LA   71322

NOTE:    *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.  The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

This form is available electronically.

| FSA-2026 (09-07-10) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |

## PROMISSORY NOTE

| 1. Name Lafleur, James Randy | 2. State Louisiana | 3. County Avoyelles |
|---|---|---|

| 4. Case Number 22005-434962049 | 5. Fund Code 43 | 6. Loan Number | 7. Date March 5, 2012 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE EM | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan ☐ Conservation easement ☐ Deferred payments

☐ Consolidation ☒ Rescheduling ☐ Debt write down

☐ Subsequent loan ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a)  629 Tunica Dr. West, Marksville, LA  71351   or at such other place as the Government may later designate in writing, the principal sum of (b)  TWENTY-THREE THOUSAND NINE HUNDRED SEVENTY-ONE AND .94/100-----
dollars (c) ($  23,971.94 , plus interest on the unpaid principal balance at the **RATE** of (d)  THREE AND THREE-FOURTHS
percent (e)  3.75   %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a)  16
installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 2,119.00 | 01-01-2013 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and (d) $  2,119.00   thereafter on the (e)  01   of each (f)  year   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g)  15   years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial  J.R.L.   Date  3-5-12

FSA-2026 (09-07-10)

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 43-43 | $   24,529.35 | 3.75     % | 05-06-10 | James Randy Lafleur | 01-01-25 |
|  | $ |     % |  |  |  |
|  | $ |     % |  |  |  |
|  | $ |     % |  |  |  |
|  | $ |     % |  |  |  |
|  | $ |     % |  |  |  |
|  | $ |     % |  |  |  |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____   Date  3-5-12

FSA-2026 (09-07-10)

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.


_JAMES  RANDY  LAFLEUR_

_BONNIE  ROBERT  LAFLEUR_


504 South Knoll Street
Bunkie, LA  71322


NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.  The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

This form is available electronically.

| FSA-2026 (04-08-10) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

# PROMISSORY NOTE

| 1. Name JAMES RANDY LAFLEUR | 2. State LOUISIANA | 3. County AVOYELLES |
|---|---|---|

| 4. Case Number 22-005-434962049 | 5. Fund Code 43 | 6. Loan Number | 7. Date MAY 6, 2010 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE EMERGENCY | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

☐ Initial loan    ☐ Conservation easement    ☐ Deferred payments

☐ Consolidation    ☒ Rescheduling    ☐ Debt write down

☐ Subsequent loan    ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a)   313 N MONROE ST, MARKSVILLE  LA  71351   or at such other place as the Government may later designate in writing, the principal sum of (b)   TWENTY FOUR THOUSAND FIVE HUNDRED TWENTY NINE & 35/100 dollars (c) ($  24,529.35   , plus interest on the unpaid principal balance at the **RATE** of (d)  THREE & THREE-FOURTHS percent (e)   3.75   %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a)  FIFTEEN   installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 2,168.00 | 01-01-2011 | $ 2,168.00 | 01-01-2012 |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and (d) $  2,168.00   thereafter on the (e)  FIRST   of each (f)  YEAR   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g)   FIFTEEN   years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Initial _____ Date 5-6-10

FSA-2026 (04-08-10)                                                                          Page 2 of 3

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>*(MM-DD-YYYY)* | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>*(MM-DD-YYYY)* |
|---|---|---|---|---|---|
| 43-35 | $    23,579.70 | 3.75    % | 04-09-2009 | JAMES  RANDY  LAFLEUR | 01-01-2024 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _J.R.L_   Date _5-6-10_

FSA-2026 (04-08-10)                                                                                          Page 3 of 3

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.


_____            MAY 6, 2010
JAMES RANDY LAFLEUR

_____            MAY 6, 2010
BONNIE ROBERT LAFLEUR


NOTE:     The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.  The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Form Approved - OMB No. 0560-0237
*(See Page 4 for Privacy Act and Public Burden Statements.)*

This form is available electronically.

**FSA-2026**
(12-31-07)

Position 2

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

# PROMISSORY NOTE

| 1. Name LAFLEUR, James R. | 2. State Louisiana | 3. County Avoyelles |
|---|---|---|

| 4. Case Number 22-005-434962049 | 5. Fund Code 43 | 6. Loan Number | 7. Date April 9, 2009 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE FM |
|---|

**9. ACTION REQUIRING PROMISSORY NOTE:**

| ☐ Initial loan | ☐ Conservation easement | ☐ Deferred payments |
| ☐ Subsequent loan | ☒ Rescheduling | ☐ Debt write down |
| ☐ Consolidation | ☐ Reamortization | |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* 313 N.Monroe St.Suite 3 Marksville La.      or at such other place as the Government may later designate in writing, the principal sum of *(b)* TWENTY-THREE THOUSAND FIVE HUNDRED SEVENTY-NINE AND .70/100-— dollars *(c)* ($ 23,579.70      , plus interest on the unpaid principal balance at the RATE of *(d)*      THREE AND THREE-FOURTHS      percent *(e)* 3.75 %) per annum.

If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*      15      installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 2,084.00 | 01-01-10 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $ 2,084.00      thereafter on the *(e)*      01-01-      of each *(f)*      year      until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*      15      years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial _____      Date 4-9-09

FSA-2026 (12-31-07)                                                                                    Page 2 of 3

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 43-27 | $ 23,854.45 | 3.75 % | 03-01-07 | James Randy Lafleur | 01-01-22 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _____   Date ____4-9-09____

FSA-2026 (12-31-07)

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.


JAMES RANDY LAFLEUR


BONNIE ROBERT LAFLEUR


504 South Knoll St.
Bunkie, LA  71322

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C. TOTAL: | $ | |

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms.  The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses.  Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law.  In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies.  Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated  to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Initial _(signature)_     Date 4-9-09

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

### PROMISSORY NOTE

| 8. KIND OF LOAN | |
|---|---|
| Type: _____ EM | [✓] Regular |
| | [ ] Limited Resource |
| Pursuant to: | |
| [ ] Consolidated Farm & Rural Development Act | |
| [✓] Emergency Agricultural Credit Adjustment Act of 1978 | |

| 1. Name |
|---|
| JAMES RANDY LAFLEUR |

| 2. State | 3. County |
|---|---|
| LOUISIANA | AVOYELLES |

| 4. Case Number | 5. Date |
|---|---|
| 22-005-434962049 | MARCH 1ST, 2007 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 43 | |

**9. ACTION REQUIRING NOTE**

| | | | |
|---|---|---|---|
| [ ] Initial loan | | [✓] Rescheduling | |
| [ ] Subsequent loan | | [ ] Reamortization | |
| [ ] Consolidated & subsequent loan | | [ ] Credit sale | |
| [ ] Consolidation | | [ ] Deferred payments | |
| [ ] Conservation easement | | [ ] Debt write down | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in _____313 NORTH MONROE STREET, SUITE 3, MARKSVILLE, LOUISIANA 71351_____

_____, or at such other place as the Government may later designate in writing, the principal sum of

_____TWENTY THREE THOUSAND EIGHT HUNDRED FIFTY FOUR & 45/100 -----------------------------_____ dollars

($_23,854.45_____), plus interest on the unpaid principal balance at the **RATE** of

_____THREE & THREE-FOURTHS_____ percent ( _3.75_ %) per annum and

_____N/A_____ dollars ($_____)

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in _____FIFTEEN_____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$_2,109.00_____ on _JANUARY 1ST, 2008_ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

and $_2,109.00_____ thereafter on _JANUARY 1ST_ of each _YEAR_ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable _FIFTEEN_ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**FSA-1940-17** (10-26-99)                                                                                    Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.  For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.  Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.  While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis.  The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder.  The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 43-21 | $ 22,962.68 | 3.75 % | 02-16-06 | JAMES RANDY LAFLEUR | 01-01-2021 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD).  USDA is an equal opportunity provider and employer.

**FSA-1940-17** (10-26-99)                                                                                Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

                                                                          _JAMES RANDY LAFLEUR_ (Borrower)

                                                                          _BONNIE ROBERT LAFLEUR_  CO-BORROWER

                                                                          504 SOUTH KNOLL STREET
                                                                          BUNKIE,  LA  71322

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | **TOTAL** | $ |  |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## PROMISSORY NOTE

**8. KIND OF LOAN**

Type: _____ EM _____   [X] Regular

[ ] Limited Resource

Pursuant to:

[X] Consolidated Farm & Rural Development Act

[ ] Emergency Agricultural Credit Adjustment Act of 1978

| 1. Name | |
|---|---|
| JAMES RANDY LAFLEUR | |
| 2. State  LOUISIANA | 3. County  AVOYELLES |
| 4. Case Number  22-005-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 | 5. Date  FEBRUARY 16, 2006 |
| 6. Fund Code  43 | 7. Loan Number |

**9. ACTION REQUIRING NOTE**

| | | | |
|---|---|---|---|
| [ ] | Initial loan | [X] | Rescheduling |
| [ ] | Subsequent loan | [ ] | Reamortization |
| [ ] | Consolidated & subsequent loan | [ ] | Credit sale |
| [ ] | Consolidation | [ ] | Deferred payments |
| [ ] | Conservation easement | [ ] | Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in ___ 313 NORTH MONROE STREET, SUITE 3, MARKSVILLE, LOUISIANA 71351 _____

_____, or at such other place as the Government may later designate in writing, the principal sum of

___ TWENTY TWO THOUSAND NINE HUNDRED SIXTY TWO & 68/100 ------------------------------------ dollars

($ _____ 22,962.68 ), plus interest on the unpaid principal balance at the **RATE** of

___ THREE & THREE-FOURTHS _____ percent ( ___ 3.75 %) per annum and

___ N/A _____ dollars ($ _____ )

of Noncapitalized interest.  If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address.  The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ___ FIFTEEN ___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ ___ 2,030.00 on JANUARY 01, 2007 ___ ; $ ___ 2,030.00 on JANUARY 01, 2008 ___ ;

$ _____ on _____ ; $ _____ on _____ ;

$ _____ on _____ ; $ _____ on _____ ;

$ _____ on _____ ; $ _____ on _____ ;

$ _____ on _____ ; $ _____ on _____ ;

$ _____ on _____ ; $ _____ on _____ ;

and $ ___ 2,030.00 thereafter on JANUARY 1ST ___ of each ___ YEAR ___ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ___ FIFTEEN ___ years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government.  Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note.  Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

FSA-1940-17 (10-26-99)                                                                                          Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 43-16 | $ 22,271.65 | 3.75 % | 04-20-2005 | JAMES RANDY LAFLEUR | 01-01-2020 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                    Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.  If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

JAMES RANDY LAFLEUR                                                    (Borrower)

BONNIE ROBERT LAFLEUR

504 SOUTH KNOLL
BUNKIE, LA  71322

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN |
|---|
| Type: ___EM___  [x] Regular |
|  [ ] Limited Resource |
| Pursuant to: |
| [x] Consolidated Farm & Rural Development Act |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 |

| 1. Name |
|---|
| JAMES RANDY LAFLEUR |

| 2. State | 3. County |
|---|---|
| LOUISIANA | AVOYELLES |

| 4. Case Number | 5. Date |
|---|---|
| 22-005-434962049 | APRIL 20, 2004 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 43 | |

| 9. ACTION REQUIRING NOTE | |
|---|---|
| [ ] Initial loan | [x] Rescheduling |
| [ ] Subsequent loan | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | [ ] Credit sale |
| [ ] Consolidation | [ ] Deferred payments |
| [ ] Conservation easement | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in ___313 NORTH MONROE STREET, SUITE 3, MARKSVILLE LA 71351___

_____, or at such other place as the Government may later designate in writing, the principal sum of

___TWENTY TWO THOUSAND TWO HUNDRED SEVENTY ONE & 65/100 --------------------------------___ dollars

($___22,271.65___), plus interest on the unpaid principal balance at the **RATE** of

___THREE & THREE-FOURTHS___ percent (___3.75 %) per annum and

___N/A___ dollars ($_____)

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ___FIFTEEN___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$___1,969.00___ on ___JANUARY 1ST, 2006___ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

and $___1,969.00___ thereafter on ___JANUARY 1ST___ of each ___YEAR___ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ___FIFTEEN___ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**FSA-1940-17** (10-26-99)                                                                                    Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.  For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.  Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.  While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis.  The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder.  The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 43-09 | $ 22,693.63 | 3.75 % | 5-7-03 | JAMES LAFLEUR | 01-01-18 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD).  USDA is an equal opportunity provider and employer.

**FSA-1940-17** (10-26-99)                                                                 Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

JAMES RANDY LAFLEUR                                                        *(Borrower)*

BONNIE ROBERT LAFLEUR                                          (CO-BORROWER)

504 SOUTH KNOLL STREET

BUNKIE,   LA   71322

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | TOTAL | $ |  |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: ___EM___ | [X] Regular | |
| | [ ] Limited Resource | |
| Pursuant to: | | |
| [ ] Consolidated Farm & Rural Development Act | | |
| [X] Emergency Agricultural Credit Adjustment Act of 1978 | | |

| 1. Name |
|---|
| JAMES RANDY LAFLEUR |

| 2. State | 3. County |
|---|---|
| LOUISIANA | AVOYELLES |

| 4. Case Number | 5. Date |
|---|---|
| 22-005-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 | MAY 7, 2003 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 43 | |

| 9. ACTION REQUIRING NOTE | |
|---|---|
| [ ] Initial loan | [X] Rescheduling |
| [ ] Subsequent loan | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | [ ] Credit sale |
| [ ] Consolidation | [ ] Deferred payments |
| [ ] Conservation easement | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in___313 NORTH MONROE STREET,   SUITE 3,   MARKSVILLE LA  71351_____

_____, or at such other place as the Government may later designate in writing, the principal sum of

___TWENTY TWO THOUSAND SIX HUNDRED NINETY THREE & 63/100 ------------------------------------------- dollars

($___22,693.63 ---------------_____), plus interest on the unpaid principal balance at the **RATE** of

___THREE & THREE FOURTHS_____percent (___3.75___%) per annum and

___N/A___dollars ($_____)

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ___FIFTEEN___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$___2,006.00___ on ___JANUARY 1ST, 2004___ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

and $___2,006.00___ thereafter on ___JANUARY 1ST___ of each___YEAR___until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ___FIFTEEN___ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

FSA-1940-17 (10-26-99)                                                                                    Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 43-05 | $ 21,712.13 | 3.75 % | 2/21/02 | JAMES LAFLEUR | 01/01/17 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                      Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

JAMES R. LAFLEUR                                           (Borrower)

(SEAL)

BONNIE ROBERT LAFLEUR                        Co  - (Borrower)

504 SOUTH KNOLL STREET

BUNKIE,  LA  71322


### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | **TOTAL** | $ |  |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: _____EM_____ | [X] Regular | |
| | [ ] Limited Resource | |

Pursuant to:

[X] Consolidated Farm & Rural Development Act

[ ] Emergency Agricultural Credit Adjustment Act of 1978

| 1. Name |
|---|
| JAMES R. LAFLEUR |

| 2. State | 3. County |
|---|---|
| LOUISIANA | AVOYELLES |

| 4. Case Number | 5. Date |
|---|---|
| 22-005-434962049 | FEBRUARY 21, 2002 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 43 | |

**9. ACTION REQUIRING NOTE**

| | | | |
|---|---|---|---|
| [ ] Initial loan | | [X] Rescheduling | |
| [ ] Subsequent loan | | [ ] Reamortization | |
| [ ] Consolidated & subsequent loan | | [ ] Credit sale | |
| [ ] Consolidation | | [ ] Deferred payments | |
| [ ] Conservation easement | | [ ] Debt write down | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in   313 NORTH MONROE STREET, SUITE 3, MARKSVILLE LA  71351

_____ , or at such other place as the Government may later designate in writing, the principal sum of

TWENTY ONE THOUSAND SEVEN HUNDRED TWELVE & 13/100 -------------------------------- _____ dollars

($____21,712.13 ----------------------____), plus interest on the unpaid principal balance at the **RATE** of

_____ THREE & THREE FOURTHS _____ percent (____3.75____ %) per annum and

_____ N/A _____ dollars ($_____ )

of Noncapitalized interest.  If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address.  The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ____FIFTEEN____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$____1,919.00____ on   JANUARY 01, 2003____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

$_____ on _____ ; $_____ on _____ ;

and $____1,919.00____ thereafter on   JANUARY 01,____ of each____ YEAR____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ____FIFTEEN____ years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government.  Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note.  Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

FSA-1940-17 (10-26-99)

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 43-01 | $ 28,480.00 | 3.75 % | 03/25/99 | JAMES R. LAFLEUR | 01/01/06 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                                      Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.  If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

JAMES R. LAFLEUR _____ (Borrower)

(SEAL)

BONNIE ROBERT LAFLEUR _____ Co - _(Borrower)_

504 SOUTH KNOLL STREET _____

BUNKIE,  LA  71322 _____

_____

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ | |

USDA-FmHA
Form FmHA 1940-17
(Rev. 4-92)

| KIND OF LOAN | |
|---|---|
| Type: __EM__ | ☒ Regular |
| | ☐ Limited Resource |

# PROMISSORY NOTE

**Pursuant to:**
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

| Name | | |
|---|---|---|
| JAMES RANDY LAFLEUR | | |

| State | County | ACTION REQUIRING NOTE |
|---|---|---|
| LOUISIANA | AVOYELLES | ☒ Initial loan    ☐ Rescheduling |

| Case No. | Date | |
|---|---|---|
| 220050434962049 | MARCH 25, 1999 | ☐ Subsequent loan   ☐ Reamortization |
| | | ☐ Consolidated &    ☐ Credit sale |
| | | subsequent loan   ☐ Deferred payments |

| Fund Code | Loan No. | |
|---|---|---|
| 43 | 01 | ☐ Consolidation    ☐ Debt write down |
| | | ☐ Conservation easement |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in ___P. O. Box 475, Marksville LA 71351___

_____, or at such other place as the Government may later designate in writing, the principal sum of

__TWENTY EIGHT THOUSAND FOUR HUNDRED EIGHTY & NO/100  ------------------___ dollars

($___28,480.00  -----------------------___), plus interest on the unpaid principal balance at the **RATE** of

__THREE & THREE FOURTHS_____ percent (____3.75____%) per annum and

_____N/A_____dollars ($_____)

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in ____7____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | | | |
|---|---|---|---|---|---|
| $__4,702.00__ on __1-1-2000__ ; | $_____ on _____ ; |
| $_____ on _____ ; | $_____ on _____ ; |
| $_____ on _____ ; | $_____ on _____ ; |
| $_____ on _____ ; | $_____ on _____ ; |
| $_____ on _____ ; | $_____ on _____ ; |
| $_____ on _____ ; | $_____ on _____ ; |

and $ __4,702.00__ thereafter on __1-1__ of each __year__ until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable ____7____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

_James Randy Lafleur_

JAMES RANDY LAFLEUR                    ( Borrower )

(SEAL)

_Bonnie Gauthier Lafleur_

BONNIE GAUTHIER LAFLEUR          Co - _(Borrower)_

504 South Knoll St.

Bunkie  LA  71322

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | TOTAL | $ |  |



EXHIBIT

B-1

Position 5

USDA
Form RD 1927-1 LA
(Rev. 11-99)

# REAL ESTATE MORTGAGE FOR LOUISIANA

STATE OF LOUISIANA _____

PARISH OF __Avoyelles__ _____

} SS:

STATE OF LOUISIANA: @ 9:21 Am
PARISH OF AVOYELLES: I HEREBY CERTIFY that the foregoing is a true copy of the Original _____ consisting of _____ pages, on file and record in this office on _____ recorded in Book __04 of ____, page _____ and Book ____ of ____ page ____ of the records of Avoyelles Parish, Louisiana.
Given under my hand and seal of office at Marksville, Louisiana, this __21st__ day of __Feb__ ___02__
_____
Deputy Clerk of Court

BE IT KNOWN that on the date hereinafter set forth before me _____

a notary public in and for the Parish of _____Avoyelles_____ , State of Louisiana,

duly commissioned and qualified, came and appeared _____

James Randy Lafleur and Bonnie Robert Lafleur

( Husband & Wife )

of the Parish of _____Avoyelles_____ , State of Louisiana, whose post office

address is __504 South Knoll Street, Bunkie__ , Louisiana __71322__ .
herein called "Borrower", who declares and acknowledges indebtedness unto the United States of America, acting through the United States Department of Agriculture and its Parish office,

whose mailing address is __313 N. Monroe St., Marksville LA 71351__ , herein called the "Government" in the sum of __Six Hundred Eighty Four & 81/100__ One Hundred Twenty Five Thousand Dollars ($__125,684.81__) the balance of unpaid principal remaining upon loan(s) to Borrower, with interest now due or to become due upon the principal, and upon any unpaid or deferred installments of interest added to the principal, which debts are evidenced by one or more certain promissory note (s) or assumption agreement (s) or any shared appreciation or recapture agreement, herein called "note" which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 02-21-2002 | $94,230.00 | 3.75% | 02-21-2022 |
| 02-21-2002 | $21,712.13 | 3.75% | 02-21-2017 |
| 02-21-2002 | $ 9,742.68 | 4.75% | 02-21-2017 |

(The interest rate for limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in the Government regulations or the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statutes administered by the Government;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument, this instrument shall secure payment of the note; but

And this instrument also secures any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to U.S.C. § 2001:

NOW, THEREFORE,  in consideration of the loan(s) and (a') at all times when the note is held by the Government, or in the event the Government should assign this instrument, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, and (b) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower declared that Borrower does by these presents specially mortgage, affect, and hypothecate unto and in favor of the Government the following-described property situated in the State of

AVOYELLES

Louisiana, Parish of _____

A CERTAIN TOWN LOT, SITUATED IN THE TOWN OF BUNKIE, AVOYELLES PARISH, LOUISIANA, ON SOUTH KNOLL AVENUE, WITH ALL BUILDINGS AND IMPROVEMENTS THEREON SITUATED OR THERETO BELONGIN, HAVING A FRONT ON SAID SOUTH KNOLL AVENUE OF SIXTY (60') FEET AND RUNNING BACK BETWEEN PARALLEL LINES A DISTANCE OF ONE HUNDRED FIFTY (150') FEET, BOUNDED ON THE NORTH BY LOT OF ALFRED L. DUPONT, FORMERLY L. T. GUILLORY; SOUTH BY LOT OF JEANSONNE; WEST BY HAAS LOT; AND EAST BY SAID SOUTH KNOLL AVENUE.

BEING THE SAME PROPERTY ACQUIRED BY PEARL NORMAND LEMOINE, ET AL FROM THE SUCCESSION OF FELIX PIERRE LEMOINE, PRBATE DOCKET NO. 84-505, THROUGH JUDGMENT OF PROSSESSION DATED JUNE 21, 1984, DULY RECORDED IN THE OFFICIAL RECORDS OF AVOYELLES PARISH, LOUISIANA.

This property is (is not) the family home.

together with all rents and other revenues or income therefrom, buildings, improvements, all appurtenances, servitudes, water, water rights, ways, privileges, prescriptions, and advantages thereto including the right to mining products, gravel, oil, gas, coal or other minerals) belonging or in anywise appertaining, hereinafter referred to as "the property". The property is so to remain specially mortgaged, affected and hypothecated until the full and final payment of all indebtedness secured hereby and the performance and discharge of each and every condition, agreement and obligation, contingent or otherwise, contained herein or secured hereby, and Borrower binds and obligates Borrower not to sell, alienate, or encumber the property to the prejudice of this act.

     This act of mortgage further secures an obligation of the mortgagors, or their assignees, in a maximum amount of five thousand dollars ($5,000.00) for reimbursement to mortgagees, or other holders of the note(s), for any sums paid for taxes, assessments, premiums of insurance or any expenses for repairs, care, maintenance or other protection of the security.

     AND BORROWER, for Borrower's self, Borrower's heirs, executors, administrators, successors, and assigns, WARRANTS that Borrower has good right and lawful authority to mortgage the property described herein, and that the property is free and clear of any lien, charge, or encumbrance thereon or affecting the title thereto except as shown herein, and hereby COVENANTS AND AGREES:

     (1)  To pay promptly when due any indebtedness to the Government hereby secured.

     (2)  To pay to the Government such fees and other charges as may now or hereafter be required by Government regulations.

     (3)  If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

     (4)  The Government may at any time pay any other amounts including advances for payments of prior or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

     (5)  All advances by the Government, including advances for payment of prior or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

     (6)  To use the loan evidenced by the note solely for purposes authorized by the Government.

     (7)  To pay when due all taxes, assessments, levies, liabilities, obligations, and encumbrances of every nature whatsoever that affect the property or the Government's rights and interests therein under this mortgage and promptly deliver to the Government without demand receipts or other acceptable evidence of such payments.

     (8)  To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

     (9)  To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner, comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

     (10)  To comply with all laws, ordinances, and regulations affecting the property.

     (11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

     (12)  Except as otherwise provided by Government regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

     (13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

     (14)  The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government-whether once or often-in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

     (15)  Default hereunder shall constitute default under any other real estate, or under any personal property or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

     (16)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for

loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.

(19)  Borrower declares that in favor of the Government, and of any and all future holder or holders of the obligations secured hereby, as regards the property herein mortgaged, Borrower waives any and all homestead exemptions to which Borrower is or may be entitled under the constitution and laws of the state of Louisiana.

(20)  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation or appraisal, of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition for approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

(21)  Borrower further agrees that the loans secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as prohibited by 7 C.F.R. part 1940, subpart G.

(22)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair or property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, handicap, familial statute, age or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, handicap, familial statute, age or national origin.

(23)  This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof.

(24)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to _____ and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the post office address shown above).

(25)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

Thus done and passed in ____Marksville____ , Parish of ____Avoyelles____ ,

State of Louisiana, aforesaid, on this ____21st____ , day of ____February____ , ____2002____ ,

in the presence of the undersigned competent witnesses, who signed their names with the said appeares and me, notary, after due reading of the whole.

Witnesses:

_____

_____

_____
JAMES RANDY LAFLEUR        (Borrower)

_____
BONNIE ROBERT LAFLEUR      (Co-Borrower)

_____
Notary Public.

RD 1927-1  LA (Rev. 11-99) Page 4 of 4

# Avoyelles Parish Recording Page



**EXHIBIT**
**B-2**

Samuel G. Couvillon
**Clerk of Court**
312 N. Main
P. O. Box 219
Marksville, LA 71351
(318) 253-7523

**Received From :**
JAMES R LAFLEUR

**First MORTGAGOR**
LAFLEUR, JAMES RANDY

**First MORTGAGEE**
UNITED STATES DEPT OF AGRICULTURE

**Index Type :** Mortgages

**Type of Document :** Special Mortgage

**Recording Pages :** 6

**Inst. Number :** 2006-00001218

**Book :** 553    **Page :** 406

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Avoyelles Parish, Louisiana

*Dolores J. Harris*
Deputy Clerk

On (Recorded Date) : 02/16/2006

At (Recorded Time) : 9:15:58AM

CLERK OF COURT
SAMUEL G. COUVILLON
Parish of Avoyelles
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 02/16/2006 at 9:15:58
Recorded in Book 553 Page 406
File Number 2006-00001218

*Dolores J. Harris*
Deputy Clerk



Doc ID - 000435200006

**Return To :**

Do not Detach this Recording Page from Original Document

**USDA**
Form RD 1927-1 LA
(Rev. 11-99)

*Position 5*

# REAL ESTATE MORTGAGE FOR LOUISIANA

STATE OF LOUISIANA _____

PARISH OF _____ Avoyelles

}  ss:

BE IT KNOWN that on the date hereinafter set forth before me _____

_____

a notary public in and for the Parish of _____ Avoyelles _____, State of Louisiana,

duly commissioned and qualified, came and appeared _____

James Randy Lafleur & Bonnie Robert Lafleur

(Husband and Wife)

of the Parish of _____ Avoyelles _____, State of Louisiana, whose post office

address is ___ 504 South Knoll, Bunkie _____, Louisiana ___ 71322 _____.
herein called "Borrower", who declares and acknowledges indebtedness unto the United States of America, acting through
the United States Department of Agriculture and its Parish office,

whose mailing address is ___ 313 N Monroe St, Suite 3, Marksville LA 71351 ____, herein called the "Gov-
ernment" in the sum of Four Hundred Sixty Three & 80/100 _____ Dollars ($ 355,463.80 )
Three Hundred Fifty Five Thousand -
the balance of unpaid principal remaining upon loan(s) to Borrower, with interest now due or to become due upon the
principal, and upon any unpaid or deferred installments of interest added to the principal, which debts are evidenced by
one or more certain promissory note (s) or assumption agreement (s) or any shared appreciation or recapture agreement,
herein called "note" which has been executed by Borrower, is payable to the order of the Government, authorizes accelera-
tion of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| *Date of Instrument* | *Principal Amount* | *Annual Rate of Interest* | *Due Date of Final Installment* |
|---|---|---|---|
| February 16, 2006 | $168,361.21 | 4.125% | February 16, 2021 |
| February 16, 2006 | $ 10,314.86 | 3.25% | February 16, 2021 |
| February 16, 2006 | $ 54,206.23 | 3.75% | February 16, 2021 |
| February 16, 2006 | $ 99,618.82 | 3.75% | February 16, 2021 |
| February 16, 2006 | $ 22,962.68 | 3.75% | February 16, 2021 |

(The interest rate for limited resource farm ownership or limited resource operating loans secured by this
instrument may be increased as provided in the Government regulations or the note.)
And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure
payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949,
or any other statutes administered by the Government;
And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the
Government, or in the event the Government should assign this instrument, this instrument shall secure payment of
the note; but
And this instrument also secures any amounts due under any Shared Appreciation Agreement/Recapture
Agreement entered into pursuant to U.S.C. § 2001:

NOW, THEREFORE, in consideration of the loan(s) and (a') at all times when the note is held by the Government, or in the event the Government should assign this instrument, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, and (b) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower declared that Borrower does by these presents specially mortgage, affect, and hypothecate unto and in favor of the Government the following-described property situated in the State of

Louisiana, Parish of _____ Avoyelles and St. Landry _____ .

See Attached Legal Description

This property is (is not) the family home.

*Tract 1: A certain tract or parcel of land, containing 71.38 acres, located in Sections 46 and 47, Township 3 South, Range 4 East, La. Mer., and in Sections 39 and 40, Township 3 South, Tange 4 East, La. Mer., described and designated as Tract No. 2 of that certain plat of survey made by Paul N. Fontenot, Registered Land Surveyor, dated January 18, 1977, duly recorded in the Clerk of Court's office of St. Landry Parish, Louisiana.*

*LESS AND EXCEPT:*
*A tract of one and 14/100 (1.14) acre sold to St. Landry Parish Fire District No. 3 by act dated 3-31-86 and recorded under original act # 706595 at COB O-27, Page 80 official records of St. Landry Parish, Louisiana.*

79.21

*Tract 2: A certain tract or parcel of land with all improvements thereon or thereto appertaining, situated near Garland Station, in the Parish of St. Landry, State of Louisiana, and located in Irregular Sections 34 and 35, T-4-S, R-4-E, of the Louisiana Meridian, containing 65 acres more or less, and being further described as bounded now*

*or formerly on the North by John Hebert, South by Andrew D. Moresi, West by Louisiana Highway 182 and/or other lands belonging to vendor, East by Herman Hebert.*

*Tract 3: A certain lot or parcel of land with all buildings and improvemen5ts thereon, situated in Section 34, Township 4 South, Range 4 East, St. Landry Parish, Louisiana, containing approximately six (6) acres, more or less, bounded now or formerly on the North by G. Guidry, South by Andrew Moresi and Mack Charles, East by Louisiana Hwy. 182 and West by Mack Charles, Bayou Boeuf and Nick Dubuisson.*

*Tract 4: A certain tract or parcel of land, with all buildings and improvements thereon, containing seventy-two and 772/100 (72.772) acres, situated in Section Forty (40), Township Four South (T-4-S), Range Four East (R-4-E), St. Landry Parish, Louisiana, and being more particularly shown as Tract One (1) on a Plat of Survey by Doward L. Guillory, Registered Land Surveyor, dated December 3, 1986. Said tract being bounded, now or formerly, as follows: North by property of V. W. Walker, South by Parish Road5-205 or property of the Estate of W. J. Reeves and the heirs of Dallas Hagger, East by the Estate of J. Austin Perkins, and West by Tract Two (2) of said plat or property of Clarence Foret, et al.*

Tract 5: A certain town lot, situated in the Town of Bunkie, Avoyelles Parish, Louisiana, on South Knoll Avenue, with all buildings and improvements thereon situated or thereto belonging, Having a front on said South Knoll Avenue of Sixty (60') feet And running back between parallel lines a distance of One Hundred Fifty (150') feet, bounded on the North by lot of Alfred L. Dupont, formerly L. T. Guillory; South by lot of Jeansonne; West by Haas lot; and East by said South Knoll Avenue

Tract 6: A certain piece, parcel or tract of land located in the Town of Bunkie, Parish of Avoyelles, State of Louisiana, together with all buildings and improvements thereon located and all rights, ways and privileges thereunto appertaining, and being more particularly described as follows:

The North ninety (90') feet on Lots 4, 5, and 6 of Block "B" of the Burgess Addition to the Town of Bunkie, fronting One Hundred Fifty (150') feet on MacArthur Street (formerly "B" Street, also formerly known as Irion Gravel Road) and running back between parallel lines for a distance of ninety (90') feet along South Knoll Avenue, being bounded on the North by MacArthur Street, on the East by Knoll Avenue, on the South by the lot of Louise T. Guillory, and on the West by Lot 3 of Block "B" of the Burgess Addition to the Town of Bunkie, being that property acquired by John Harry Dupont from Alfred L. Dupont by deed dated February 21, 1946, recorded February 23, 1946 at Conveyance BK. A-121, page 615, of the records of Avoyelles Parish, Louisiana.

together with all rents and other revenues or income therefrom, buildings, improvements, all appurtenances, servitudes, water, water rights, ways, privileges, prescriptions, and advantages thereto including the right to mining products, gravel, oil, gas, coal or other minerals) belonging or in anywise appertaining, hereinafter referred to as "the property". The property is so to remain specially mortgaged, affected and hypothecated until the full and final payment of all indebtedness secured hereby and the performance and discharge of each and every condition, agreement and obligation, contingent or otherwise, contained herein or secured hereby, and Borrower binds and obligates Borrower not to sell, alienate, or encumber the property to the prejudice of this act.

This act of mortgage further secures an obligation of the mortgagors, or their assignees, in a maximum amount of five thousand dollars ($5,000.00) for reimbursement to mortgagees, or other holders of the note(s), for any sums paid for taxes, assessments, premiums of insurance or any expenses for repairs, care, maintenance or other protection of the security.

AND BORROWER, for Borrower's self, Borrower's heirs, executors, administrators, successors, and assigns, WARRANTS that Borrower has good right and lawful authority to mortgage the property described herein, and that the property is free and clear of any lien, charge, or encumbrance thereon or affecting the title thereto except as shown herein, and hereby COVENANTS AND AGREES:

(1)   To pay promptly when due any indebtedness to the Government hereby secured.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by Government regulations.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   The Government may at any time pay any other amounts including advances for payments of prior or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government, including advances for payment of prior or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, assessments, levies, liabilities, obligations, and encumbrances of every nature whatsoever that affect the property or the Government's rights and interests therein under this mortgage and promptly deliver to the Government without demand receipts or other acceptable evidence of such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner, comply with such farm conservation practices and farm and home management plans as the Government from  time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

(11)   To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and  conveying the property.

(12)   Except as otherwise provided by   Government regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including  but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)   At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)   The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government-whether once or often-in exercising any right or remedy under this instrument, or otherwise afforded by  applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)   Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(16)   If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for

loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(17)   SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance  of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18)   The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order indicated above.

(19)   Borrower declares that in favor of the Government, and of any and all future holder or holders of the obligations secured hereby, as regards the property herein mortgaged, Borrower waives any and all homestead exemptions to which Borrower is or may be entitled under the constitution and laws of the state of Louisiana.

(20)   Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation or appraisal, of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition for approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

(21)   Borrower further agrees that the loans secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as prohibited by 7 C.F.R. part 1940, subpart G.

(22)   If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair or property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, handicap, familial statute, age or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, handicap, familial statute, age or national origin.

(23)   This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof.

(24)   Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to _____ and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the post office address shown above).

(25)   If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.


Thus done and passed in _____Marksville_____, Parish of _____Avoyelles_____,

State of Louisiana, aforesaid, on this _____16th_____, day of _____February_____, _____2006_____,

in the presence of the undersigned competent witnesses, who signed their names with the said appears and me, notary, after due reading of the whole.

Witnesses:

_____                         _James R. Lafleur_____
                                                                                                    (Borrower)

_____                         _Bonng Robert Lafleur_____
                                                                           Bonnie Robert Lafleur          (Co-Borrower)

_____                         _Jackie W. Moses  000467_____
                                                                                                    Notary Public.

# Avoyelles Parish Recording Page



EXHIBIT
B-3

**Samuel G. Couvillon**
**Clerk of Court**
312 N. Main
P. O. Box 219
Marksville, LA 71351
(318) 253-7523

**Received From :**
FARM SERVICE AGENCY
313 N. MONROE STREET
MARKSVILLE, LA 71351

**First MORTGAGOR**

LAFLEUR, JAMES RANDY

**First MORTGAGEE**

UNITED STATES DEPT OF AGRICULTURE

| | |
|---|---|
| **Index Type :** Mortgages | **Inst. Number :** 2007-00001532 |
| **Type of Document :** Mortgage | |
| | **Book :** 582      **Page :** 885 |
| **Recording Pages :** 7 | |

### Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Avoyelles Parish, Louisiana

*Deputy Clerk*

On (Recorded Date) : 03/01/2007

At (Recorded Time) : 2:15:00PM

Doc ID - 000953430007



CLERK OF COURT
SAMUEL G. COUVILLON
Parish of Avoyelles
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 03/01/2007 at 2:15:00
Recorded in Book 582 Page 885
File Number 2007-00001532

*Deputy Clerk*

**Return To :**

Do not Detach this Recording Page from Original Document

Position 5

FSA-1927-1 LA
(09-21-05)

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

# MORTGAGE FOR LOUISIANA

THIS MORTGAGE ("instrument") is made on _____March 1st_____ , 20 _07_ . The mortgagor is _____
_____ JAMES RANDY LAFLEUR  &  BONNIE ROBERT LAFLEUR _____
("Borrower") whose mailing address is _504 SOUTH KNOLL ST_____
_BUNKIE, LA 71322_____ . This instrument is given to the United States of America acting
through the Farm Service Agency, United States Department of Agriculture ("Government") located at _____
___313 NORTH MONROE ST, SUITE 3,  MARKSVILLE  LA  71351_____

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| MARCH 1, 2007 | 164,634.84 | 4.125 | MARCH 1, 2022 |
| MARCH 1, 2007 | 8,895.76 | 4.75 | MARCH 1, 2022 |
| MARCH 1, 2007 | 56,311.37 | 3.75 | MARCH 1, 2022 |
| MARCH 1, 2007 | 103,487.58 | 3.75 | MARCH 1, 2022 |
| MARCH 1, 2007 | 23,854.45 | 3.75 | MARCH 1, 2022 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants, conveys and assigns to Government the following described property situated in the State of Louisiana County or Counties of ____AVOYELLES AND ST. LANDRY_____ :

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

Initial _JRL_ date _3-1-07_

<u>EXHIBIT A  -  LEGAL DESCRIPTION</u>
<u>JAMES AND BONNIE LAFLEUR</u>

**TRACT 1:**  A certain tract or parcel of land, containing 71.38 acres, located in Sections 46 and 47, Township 3 South, Range 3 East, La. Mer. And in Sections 39 and 40, Township 3 South, Range 4 East, La. Mer., described and designated as Tract No.2 of that certain plat of survey made by Paul N. Fontenot, Registered Land Surveyor, dated January 18, 1977, duly recorded in the Clerk of Court's office of St. Landry Parish, Louisiana.

Less and Except:
A tract of one and 14/100 (1.14) acre sold to St. Landry Parish Fire District No. 3 by act dated 3-31-86 and recorded under original act #706595 at COB )-27, page 80 official records of St. Landry Parish, Louisiana.

**TRACT 2:**  A certain tract or parcel of land with all improvements thereon or thereto appertaining, situated near Garland Station, in the Parish of St. Landry, State of Louisiana, and located in irregular Sections 34 and 35, T-4-S, R-4-E, of the Louisiana Meridian, containing 65 acres more or less, and being further described as bounded now or formerly on the North by John Hebert, South by Andrew D. Moresi, West by Louisiana Highway 182 and/or other land belonging to vendor, East by Herman Hebert.

**TRACT 3:**  A certain tract or parcel of land, with all buildings and improvements thereon, containing seventy-two and 772/100 (72.772) acres, situated in Section Forty (40), Township Four South (T-4-S), Range Four East (R-4-E), St. Landry Parish, Louisiana and being more particularly shown as Tract One (1) on a Plat of Survey by Doward L. Guillory, Registered Land Surveyor, dated December 3, 1986.  Said tract being bounded, nor or formerly, as follows:  North by property of V. W. Walker, South by Parish Road 5-205 or property of the Estate of W. J. Reeves and the heirs of Dallas Hagger, East by the Estate of J. Austin Perkins, and West by Tract Two (2) of said plat or property of Clarence Forest, et al.

**TRACT 4:**  A certain town lot, situated in the Town of Bunkie, Avoyelles Parish, Louisiana, on South Knoll Avenue, with all buildings and improvements thereon situated or thereto belonging, Having a front on said South Knoll Avenue of Sixty (60') feet and running back between parallel lines a distance of One Hundred Fifty (150') feet, bounded on the North by lot of Alfred L. Dupont, formerly L. T. Guillory, South by lot of Jeansonne; West by Haas lot; and East by said South Knoll Avenue

**TRACT 5**:  A certain piece, parcel or tract of land located in the Town of Bunkie, Parish of Avoyelles, State of Louisiana, together with all buildings and improvements thereon located and all rights, ways and privileges thereunto appertaining, and being more particularly described as follows:

The North ninety (90") feet on Lots 4, 5, and 6 of Block "BB" of the Burgess Addition to the Town of Bunkie, fronting One Hundred Fifty (150") feet on MaCarthur Street (formerly "B" Street, also formerly known as Irion Gravel Road) and running back between parallel lines for a distance of ninety (90") feet along South Knoll Avenue, being bounded on the North by MaCarthur Street, on the East by Knoll Avenue, on the South by the lot of Louise T. Guillory, and on the West by Lot 3 of Block "B" of the Burgess Addition to the Town of Bunkie, being that property acquired by John Harry Dupont from Alfred L. Dupont by deed dated February 21, 1946, recorded February 23, 1946 at Conveyance BK, A-121, page 615, of the records of Avoyelles Parish, Louisiana.

UNIFORM COVENANTS.  Borrower COVENANTS AND AGREES as follows:

1.  **Payment.**  Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2.  **Fees.**  Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3.  **Application of payments.**  Unless applicable law or Government's regulations provide otherwise all payments received by the Government shall be applied in the following order of priority:  (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4.  **Taxes, liens, etc.**  Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5.  **Assignment.**  Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements.  Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full.  Such money may, at the option of the Government, be applied on the debt whether due or not.  The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government.  In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases.  Borrower warrants that as of the date of executing this instrument no default exists under existing leases.  Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law.  Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents.  Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.  **Insurance.**  Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government.  If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations.  All insurance policies and renewals shall include a standard mortgagee clause.

7.  **Advances by Government.**  The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower.  Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements.  All such advances shall bear interest at the same rate as the note which has the highest interest rate.  All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand.  No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay.  Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.  **Protection of lien.**  Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the note.  Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees; court costs, and expenses of advertising, selling, and conveying the property.

9.  **Authorized purposes.**  Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10.  **Repair and operation of property.**  Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner.  Borrower shall not (e) abandon the property;  (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11.  **Legal compliance.**  Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12.  **Transfer or encumbrance of property.**   Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government.  The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13.  **Inspection.**  At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14.  **Hazardous substances.**  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property.  The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property.  Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property.  Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation.  Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge.  If Borrower

Initial _____  date 3-1-07

learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.  As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.  **Adjustment; release; waiver; forbearance.**  In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument.  Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing.  HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.  **Graduation.**  If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.  **Forfeiture.**  Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest.  Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.  **False statement.**  Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19.  **Cross Collateralization.**  Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower.  Default under any other such security instrument shall constitute default under this instrument.

20.  **Highly erodible land; wetlands.**  Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21.  **Non-discrimination.**  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.  **Notices.**  Notices given under this instrument shall be sent by certified mail unless otherwise required by law.  Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.  **Governing law; severability.**  This instrument shall be governed by Federal law.  If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application.  The provisions of this instrument are severable.  This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof.  All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24.  **Successors and assigns; joint and several covenants.**  The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower.  Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.  **No merger.**  If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing.  If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.  **Time is of the essence.**  Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

Initial _____ date 3 - 10 '

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____
JAMES RANDY LAFLEUR
Borrower

_____
BONNIE ROBERT LAFLEUR
Co-Borrower

WITNESSES:

_____
PENNY COCO

_____
ALVIN LANDERS, JR.

_____
JACKIE DAUZAT MOSES
NOTARY PUBLIC 00467

Initial _____ date 3-1-07

FSA-1927-1 LA (09-21-05) *Page 4 of 4*

# Avoyelles Parish Recording Page



**Samuel G. Couvillon**
**Clerk of Court**
312 N. Main
P. O. Box 219
Marksville, LA  71351
(318) 253-7523

**Received From :**
    JAMES R LAFLEUR

**First MORTGAGOR**

LAFLEUR, JAMES RANDY

**First MORTGAGEE**

UNITED STATES DEPT OF AGRICULTURE

**Index Type :**   Mortgages                    **Inst. Number :** 2009-00002332

**Type of Document :** Special Mortgage

                                                 **Book :**   634        **Page :** 782

**Recording Pages :**            6

---

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Avoyelles Parish, Louisiana

On (Recorded Date) : 04/09/2009

At (Recorded Time) : 10:06:06AM



CLERK OF COURT
SAMUEL G. COUVILLON
Parish of Avoyelles
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 04/09/2009 at 10:06:06
Recorded in Book   634  Page 782
File Number 2009-00002332

*Dolores J Harris*

Deputy Clerk

Doc ID - 001669880006

**Return To :**

Do not Detach this Recording Page from Original Document

FSA-1927-1 LA
(09-21-05)

Position 5

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

# MORTGAGE FOR LOUISIANA

THIS MORTGAGE ("instrument") is made on _____April 9_____ , 20 __09__ . The mortgagor is __James Randy Lafleur__
and __Bonnie Robert Lafleur__
_____ ("Borrower") whose mailing address is __504 South Knoll St., Bunkie, La. 71322__
_____. This instrument is given to the United States of America acting
through the Farm Service Agency, United States Department of Agriculture ("Government") located at __313 N. Monroe St.,Suite 3,__
__Marksville, La.  71351__ .

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| April 9, 2009 | 120,000.00 | 2.0% | April 9, 2010 |
| April 9, 2009 | 109,470.00 | 3.75% | April 9, 2027 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government:  (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and  (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants, conveys and assigns to Government the following described property situated in the State of Louisiana County or Counties of __Avoyelles and St. Landry__ :

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property").  This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

Initial _____ date _4-9-09_

FSA-1927-1 LA (09-21-05) *Page 1 of 4*

UNIFORM COVENANTS.  Borrower COVENANTS AND AGREES as follows:

1. **Payment**. Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees**. Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments**. Unless applicable law or Government's regulations provide otherwise all payments received by the Government shall be applied in the following order of priority:  (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment**. Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and  (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements.  Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full.  Such money may, at the option of the Government, be applied on the debt whether due or not.  The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government.  In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases.  Borrower warrants that as of the date of executing this instrument no default exists under existing leases.  Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law.  Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents.  Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance**. Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government.  If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations.  All insurance policies and renewals shall include a standard mortgagee clause.
7. **Advances by Government**. The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower.  Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements.  All such advances shall bear interest at the same rate as the note which has the highest interest rate.  All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand.  No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay.  Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.
8. **Protection of lien**. Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note.  Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees; court costs, and expenses of advertising, selling, and conveying the property.
9. **Authorized purposes**. Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.
10. **Repair and operation of property**. Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner.  Borrower shall not (e) abandon the property;  (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.
11. **Legal compliance**. Borrower shall comply with all laws, ordinances, and regulations affecting the property.
12. **Transfer or encumbrance of property**.  Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government.  The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.
13. **Inspection**. At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.
14. **Hazardous substances**. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property.  The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property.  Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property.  Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation.  Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge.  If Borrower

Initial _____ date _4-9-09_                                   FSA-1927-1 LA (09-21-05) *Page 2 of 4*

learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

Initial _JRh_ date _4-9-09_

NON-UNIFORM COVENANTS.  Borrower further COVENANTS AND AGREES as follows:

27.  **Default; death; incompetence; bankruptcy.**  Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28.  **State law.**  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower.  Borrower expressly waives the benefit of any such State laws.

29.  **Assignment of leases and rents.**  Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument.  Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds.  Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses.  Any remaining amounts shall be applied to reduce the debt evidenced by the note(s).  Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default.  Upon such notice, Borrower will endorse and deliver to the Government any payments of rents.  If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.  **Application of foreclosure proceeds.**  The proceeds of foreclosure sale shall be applied in the following order to the payment of:  (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower.  If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_JAMES RANDY LAFLEUR_
Borrower

_BONNIE ROBERT LAFLEUR_
Co-Borrower

WITNESSES:

_PENNY COCO_

_AL LANDERS, Jr._

_JACKIE D. MOSES_          000467
NOTARY PUBLIC

Initial _____ date 4-9-09

FSA-1927-1 LA (09-21-05) *Page 4 of 4*

TRACT 1: A certain tract or parcel of land, containing 71.38 acres, located in Sections 46 and 47, Township 3 South, Range 3 East, La. Mer. And in Sections 39 and 40, Township 3 South, Range 4 East, La. Mer., described and designated as Tract No.2 of that certain plat of survey made by Paul N. Fontenot, Registered Land Surveyor, dated January 18, 1977, duly recorded in the Clerk of Court's office of St. Landry Parish, Louisiana.

Less and Except:
A tract of one and 14/100 (1.14) acre sold to St. Landry Parish Fire District No. 3 by act dated 3-31-86 and recorded under original act #706595 at COB )-27, page 80 official records of St. Landry Parish, Louisiana.

Less and Except:
A certain tract or parcel land containing thirty (30) acres located in the fourth police jury ward of St. Landry Parish, Louisiana, and in Section 45, Township Three South (T-3-S), Range Three East (R-3-E), and in Section 19 and 40, Township Three South (T-3-S), Range Four East (R-4-E) La. Mer. This tract is more particularly described as follows: Beginning at a point on the Northeast side of property of Southern Pacific Railroad adjacent to the property of Verna S. Guillory or assigns which is the point of beginning. Thence proceeding along the property of Verna S. Guillory or assigns N44° 13' 39"E a distance of 7,246.73 feet to a point which is adjacent to the property of Verna S. Guillory or assigns and the property of Williams, Inc. or assigns; thence proceeding S42° 02'34"E a distance of 424.73 feet; thence proceeding S44° 13'47"W a distance of 2,864.40' adjacent to property belonging to Melvin Soileau or assigns; thence proceeding N45°46'21"W a distance of 403.72 feet; thence proceeding S44°13'39"W a distance of 4,352.95 feet; thence proceeding N55° 47'44"W a distance of 20.08 feet back to the point of beginning. This tract is more particularly shown as "30.00 ACRES" on plat of survey by Morgan Goudeau and Associates for Jean Paul Inhern dated January 5, 2006.

TRACT 3: A certain tract or parcel of land, with all buildings and improvements thereon, containing seventy-two and 772/100 (72.772) acres, situated in Section Forty (40), Township Four South (T-4-S), Range Four East (R-4-E), St. Landry Parish, Louisiana and being more particularly shown as Tract One (1) on a Plat of Survey by Doward L. Guillory, Registered Land Surveyor, dated December 3, 1986. Said tract being bounded, nor or formerly, as follows: North by property of V. W. Walker, South by Parish Road 5-205 or property of the Estate of W. J. Reeves and the heirs of Dallas Hagger, East by the Estate of J. Austin Perkins, and West by Tract Two (2) of said plat or property of Clarence Forest, et al.

TRACT 4: A certain town lot, situated in the Town of Bunkie, Avoyelles Parish, Louisiana, on South Knoll Avenue, with all buildings and improvements thereon situated or thereto belonging, Having a front on said South Knoll Avenue of Sixty (60') feet and running back between parallel lines a distance of One Hundred Fifty (150') feet, bounded on the North by lot of Alfred L. Dupont, formerly L. T. Guillory, South by lot of Jeansome; West by Haas lot; and East by said South Knoll Avenue

TRACT 5: A certain piece, parcel or tract of land located in the Town of Bunkie, Parish of Avoyelles, State of Louisiana, together with all buildings and improvements thereon located and all rights, ways and privileges thereunto appertaining, and being more particularly described as follows:

The North ninety (90") feet on Lots 4, 5, and 6 of Block "BB" of the Burgess Addition to the Town of Bunkie, fronting One Hundred Fifty (150") feet on MacArthur Street (formerly "B" Street, also formerly known as Irion Gravel Road) and running back between parallel lines for a distance of ninety (90") feet along South Knoll Avenue, being bounded on the North by MaCarthur Street, on the East by Knoll Avenue, on the South by the lot of Louise T. Guillory, and on the West by Lot 3 of Block "B" of the Burgess Addition to the Town of Bunkie, being that property acquired by John Harry Dupont from Alfred L. Dupont by deed dated February 21, 1946, recorded February 23, 1946 at Conveyance BK, A-121, page 615, of the records of Avoyelles Parish, Louisiana.

# Avoyelles Parish Recording Page



**Connie B. Couvillon**
**Clerk of Court**
312 N. Main
P. O. Box 219
Marksville, LA 71351
(318) 253-7523

**Received From :**
JAMES R LAFLEUR

**First MORTGAGOR**

LAFLEUR, JAMES RANDY

**First MORTGAGEE**

UNITED STATES DEPT OF AGRICULTURE

| | |
|---|---|
| **Index Type :**  Mortgages | **Inst. Number :** 2014-00001460 |
| **Type of Document :** Mortgage | |
| | **Book :** 744      **Page :** 824 |
| **Recording Pages :**           7 | |

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Avoyelles Parish, Louisiana

On (Recorded Date) : 03/17/2014

At (Recorded Time) :  9:18:02AM

Doc ID - 002630150007

CLERK OF COURT
CONNIE B. COUVILLON
Parish of Avoyelles
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 03/17/2014 at 9:18:02
Recorded in Book  744  Page  824
File Number 2014-00001460

Deputy Clerk

**Return To :**
JAMES R LAFLEUR

Do not Detach this Recording Page from Original Document

FSA-1927-1 LA
(09-21-05)

Position 5

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## MORTGAGE FOR LOUISIANA

THIS MORTGAGE ("instrument") is made on _____MARCH 17_____ , 20 _14_ . The mortgagor is _____

_____ JAMES RANDY LAFLEUR & BONNIE ROBERT LAFLEUR _____

_____ ("Borrower") whose mailing address is _504 SOUTH KNOLL STREET, BUNKIE, LA 71322_

_____ . This instrument is given to the United States of America acting

through the Farm Service Agency, United States Department of Agriculture ("Government") located at _____

_____ 629 TUNICA DR. WEST, MARKSVILLE, LA   71351 _____ .

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 03-17-14 | $89,900.00 | 2.0% | 03-17-15 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and  (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants, conveys and assigns to Government the following described property situated in the State of Louisiana County or Counties of ____AVOYELLES AND ST. LANDRY_____ :

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property").  This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

Initial _____ date _3-17-2014_

FSA-1927-1 LA (09-21-05) *Page 1 of 4*

UNIFORM COVENANTS.  Borrower COVENANTS AND AGREES as follows:

1. **Payment.**  Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees.**  Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments.**  Unless applicable law or Government's regulations provide otherwise all payments received by the Government shall be applied in the following order of priority:  (a) advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.**  Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment.**  Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements.  Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full.  Such money may, at the option of the Government, be applied on the debt whether due or not.  The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government.  In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases.  Borrower warrants that as of the date of executing this instrument no default exists under existing leases.  Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law.  Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents.  Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.**  Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government.  If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations.  All insurance policies and renewals shall include a standard mortgagee clause.
7. **Advances by Government.**  The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower.  Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements.  All such advances shall bear interest at the same rate as the note which has the highest interest rate.  All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand.  No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay.  Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.
8. **Protection of lien.**  Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the note.  Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees; court costs, and expenses of advertising, selling, and conveying the property.
9. **Authorized purposes.**  Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.
10. **Repair and operation of property.**  Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner.  Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.
11. **Legal compliance.**  Borrower shall comply with all laws, ordinances, and regulations affecting the property.
12. **Transfer or encumbrance of property.**  Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government.  The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.
13. **Inspection.**  At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.
14. **Hazardous substances.**  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property.  The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property.  Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property.  Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation.  Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge.  If Borrower

Initial _JRL_ date _3-11-2014_

FSA-1927-1 LA (09-21-05) *Page 2 of 4*

learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.  **Adjustment; release; waiver; forbearance.**  In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.  **Graduation.**  If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.  **Forfeiture.**  Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.  **False statement.**  Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19.  **Cross Collateralization.**  Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20.  **Highly erodible land; wetlands.**  Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21.  **Non-discrimination.**  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.  **Notices.**  Notices given under this instrument shall be sent by certified mail unless otherwise required by law.  Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.  **Governing law; severability.**  This instrument shall be governed by Federal law.  If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application.  The provisions of this instrument are severable.  This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof.  All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24.  **Successors and assigns; joint and several covenants.**  The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower.  Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.  **No merger.**  If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing.  If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.  **Time is of the essence.**  Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

Initial _____ date 3-17-2014

FSA-1927-1 LA (09-21-05) *Page 3 of 4*

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Government becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____
JAMES  RANDY  LAFLEUR
Borrower

_____
BONNIE  ROBERT  LAFLEUR
Co-Borrower

WITNESSES:

_____
PENNY  COCO

_____
JOHNNY  BORDEN

_____
JACKIE  D.  MOSES   000467
NOTARY PUBLIC

Initial _____ date 3-19-2014

FSA-1927-1 LA (09-21-05) *Page 4 of 4*

## EXHIBIT –A- LEGAL DESCRIPTION
## JAMES AND BONNIE LAFLEUR

**TRACT 1**:  A certain tract or parcel of land, containing 71.38 acres, located in Sections 46 and 47, Township 3 South, Range 3 East, La. Mer. And in Section 39 and 40, Township 3 South, Range 4 East, La. Mer., described and designated as Tract No. 2 of that certain plat of survey made by Paul N. Fontenot, Registered Land Surveyor, dated January 18, 1977, duly recorded in the Clerk of Court's office of St. Landry Parish, Louisiana.

Less and Except:
A tract of one and 14/100 (1.14) acre sold to St. Landry Parish Fire District No. 3 by act dated 3-31-86 and recorded under original act #706595 at COB 27, page 80 official records of St. Landry Parish, Louisiana.

Less and Except:
A certain tract or parcel of land containing thirty (30) acres located in the fourth police jury ward of St. Landry Parish, Louisiana, and in Section 45, Township Three South (T3S), Range Three East (R3E), and in Section 19 and 40, Township Three South (T3S) Range Four East (R4E) La. Mer.  This tract is more particularly described as follows: Beginning at a point on the Northeast side of property of Southern Pacific Railroad adjacent to the property of Verna S. Guillory or assigns which is the point of beginning. Thence proceeding along the property of Verna S. Guillory or assigns N44 degrees 13' 39" E  a distance of 7,246.73 feet to a point which is adjacent to the property of Verna S. Guillory or assigns and the property of Williams, Inc. or assigns; thence proceeding S42 degrees 02" 34" E a distance of 424.73 feet; thence proceeding S44 degrees 13' 47" W a distance of 2,864.40" adjacent to property belonging to Melvin Soileau or assigns; thence proceeding N45 degrees 46' 21" W a distance of 403.72 feet, thence proceeding S44 degrees 13' 39" W a distance of 4,352.95 feet; thence proceeding N55 degrees 47' 44" W a distance of 20.08 feet back to the point of beginning.  This is more particularly shown as "30.00 ACRES" on plat of survey by Morgan Goudeau and Associates for Jean Paul Inhern dated January 5, 2006.

**TRACT 2**:  A certain tract or parcel of land, with all buildings and improvements thereon, containing seventy-two and 772/100 (72.772) acres, situated in Section Forty (40), Township Four South (T4S), Range Four East (R4E), St. Landry Parish, Louisiana and being more particularly shown as Tract Once (1) on a Plat of Survey by Doward L. Guillory, Registered Land Surveyor, dated December 3, 1986.  Said tract being bounded, nor or formerly, as follows:  North by property of V. W. Walker, South by Parish Road 5-205 or property of the Estate of W. J. Reeves, East by the Estate of J. Austin Perkins and the heirs of Dallas Hagger, East by the Estate of J. Austin Perkins, and West by Tract Two (2) of said plat or property of Clarence Forest, et al.

**TRACT 3**:  A certain town lot, situated in the Town of Bunkie, Avoyelles Parish, Louisiana, and South Knoll Avenue, with all buildings and improvements thereon situated or thereto belonging, Having a front on said South Knoll avenue of Sixty (60') feet and running back between parallel lines a distance of One Hundred Fifty (150') feet, bounded on the North by lot of Alfred L. Dupont, formerly L. T. Guillory, South by lot of Jeansonne; West by Haas lot; and East by said South Knoll Avenue

**TRACT 4**:  A certain piece, parcel or tract of land located in the Town of Bunkie, Parish of Avoyelles, State of Louisiana, together with all buildings and improvements thereon located and all rights, ways and privileges thereunto appertaining, and being more particularly described as follows:

The north ninety (90') feet on Lots 4, 5 and 6 of Block "BB" of the Burgess Addition to the Town of Bunkie, fronting One Hundred Fifty (150') feet on MaCarthur Street (formerly "B" Street, also formerly known as Irion Gravel Road) and running back between parallel lines for a distance of ninety (90') feet along South Knoll Avenue, being bounded on the North by MaCarthur Street, on the East by Knoll Avenue, on the South by the lot of Louise T. Guillory, and on the West by Lot 3 of Block "B" of the Burgess Addition to the Town of Bunkie, being that property acquired by John Harry Dupont from Alfred L. Dupont by deed dated February 21, 1946, recorded February 23, 1946 at Conveyance BK, A-121, page 615, of the records of Avoyelles Parish, Louisiana.

# Avoyelles Parish Recording Page



**Samuel G. Couvillon**
**Clerk of Court**
312 N. Main
P. O. Box 219
Marksville, LA 71351
(318) 253-7523

**Received From :**
JAMES R LAFLEUR

**First MORTGAGOR**

LAFLEUR, JAMES RANDY

**First MORTGAGEE**

UNITED STATES DEPT OF AGRICULTURE

**Index Type :**   Mortgages                     **Inst. Number :** 2006-00001219

**Type of Document :** Reinscription Of Mortgage

                                                **Book :**  553      **Page :** 412

**Recording Pages :**        5

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Avoyelles Parish, Louisiana

*Dolores J. Harris*
Deputy Clerk

On (Recorded Date) : 02/16/2006

At (Recorded Time) :  9:18:53AM



CLERK OF COURT
SAMUEL G. COUVILLON
Parish of Avoyelles
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 02/16/2006 at 9:18:53
Recorded in Book  553   Page 412
File Number 2006-00001219

*Dolores J. Harris*
Deputy Clerk

Doc ID - 000435210005

**Return To :**

## AGREEMENT EVIDENCING EXTENSION BY REAMORTIZATION OR RESCHEDULING AND REQUEST FOR REINSCRIPTION OF REAL ESTATE MORTGAGE

THIS AGREEMENT, made between the United States of America, acting by and

Through the Farmers Home Administration, United States Department of

Agriculture, represented herein by <u>CHRIS J. NORMAND</u>, County Supervisor, for

<u>AVOYELLES</u> Parish, Louisiana, herein called the "Government" and

<u>James R Lafleur & Bonnie Lafleur</u> of <u>504 South Knoll, Bunkie   LA   71322</u>
<sub>(Name of Borrower)</sub>                                    <sub>( Street Address, City and Parish)</sub>

Louisiana, herein called the "Borrower":

WITNESS:

WHEREAS, the Government and Borrower have agreed to reamortize, reschedule, or otherwise extend the maturity of the Promissory Notes(s) described below which were executed by the Borrower and are owned and held by the Government so that the Promissory Note(s) shall now be finally due and payable on the dates identified as "the new due date."

## I

### Promissory Notes Extended

| DATE | AMOUNT | DUE DATE BEFORE EXTENSION | DUE DATE AFTER EXTENSION |
|------|--------|---------------------------|--------------------------|
| 04-20-05 | $163,550.00 | 04-20-2020 | 02-16-2021 |
| 04-20-05 | $ 52,574.97 | 04-20-2020 | 02-16-2021 |
| 04-20-05 | $ 96,620.93 | 04-20-2020 | 02-16-2021 |
| 04-20-05 | $ 22,271.65 | 04-20-2020 | 02-16-2021 |
| 04-20-05 | $ 10,044.75 | 04-20-2020 | 02-16-2021 |

Form FmHA 1951-1 LA
(2-19-88)


And

WHREAS, the extension shall be carried out by the Borrower executing an FmHA
Promissory Note form designated as the Rescheduled or Reamortized note.  The
Reamortized or Rescheduled note shall be attached to the note extended by
rescheduling or reamortization and shall be evidenced of the new payment schedule.

AND

WHEREAS, the above described notes are secured by a real estate/chattel mortgage
or mortgages encumbering property owned by Borrower which real estate
mortgages are subject to reinscription or extension pursuant to LSA-Civil Code
Article 3369.  These mortgages are specifically described as follows:


## II

### Mortgages Securing Extended Notes

| MORTGAGE DATE | BOOK-PAGE RECORDED | NOTE DATE | NOTE AMOUNT | EXTENDED DUE DATE |
|---|---|---|---|---|
| *04-20-05 | 1250 / 907 | 04-20-05 | $163,550.00 | 02-16-2021 |
| 04-20-05 | 531 / 103 | 04-20-05 | $163,550.00 | 02-16-2021 |
| *05-12-03 | 1150 / 979 | 05-11-03 | $ 52,690.00 | 02-16-2021 |
| *05-12-03 | 1150 / 979 | 05-07-03 | $ 98,450.99 | 02-16-2021 |
| *05-12-03 | 1150 / 979 | 05-07-03 | $ 22,693.63 | 02-16-2021 |
| *05-12-03 | 1150 / 979 | 05-07-03 | $ 10,300.55 | 02-16-2021 |
| 05-12-03 | 121 / | 05-11-03 | $ 52,690.00 | 02-16-2021 |
| 05-12-03 | 121 / | 05-07-03 | $ 98,450.99 | 02-16-2021 |
| 05-12-03 | 121 / | 05-07-03 | $ 22,693.63 | 02-16-2021 |
| 05-12-03 | 121 / | 05-07-03 | $ 10,300.55 | 02-16-2021 |


*  Mortgages recorded in St. Landry Parish

NOW THEREFORE, the Government and the Borrower agree that the above described Promissory Notes have been extended as described above and as further set forth in the Rescheduled or Reamortized Promissory Note executed to evidence and carry out the extension by reamortization, renewal, or extension, the terms of which are referred to and incorporated herein by reference. The Government and the Borrower further agree that the Extension, Reamortization, Rescheduling, or Consolidation of any of the above described Promissory Notes shall not constitute a novation or the creation of a new debt but shall be merely an extension of an existing indebtedness. The Government and Borrower further agree that this instrument shall be lodged for record pursuant to LSA Civil Code 3369 to effect the extension of the real estate mortgage securing the extended Promissory Notes.

BY _____
  Borrower : James R. Lafleur

BY _____
  Co-Borrower: Bonnie Robert Lafleur

BY _____
  Chris J. Normand, Farm Loan Manager
  Farm Service Agency
  U. S. Department of Agriculture

## ACKNOWLEDGMENT

STATE OF:    Louisiana

PARISH:        Avoyelles

On this day personally appeared before the undersigned, a Notary Public in and for the  Parish and State aforesaid, duly qualified and acting,  Chris J. Normand,  to me well known to be the person whose name appears in the foregoing instrument and stated they had executed the same for the consideration, uses and purposes therein mentioned and set forth.

IN WITNESSES WHEREOF, I have hereunto set my hand and seal this  16th, day of  February , 2005.

_Jackie W. Rees 000461_
**Notary Public**

(S E A L)

My Commission Expires:

# Avoyelles Parish Recording Page



**Samuel G. Couvillon**
**Clerk of Court**
312 N. Main
P. O. Box 219
Marksville, LA 71351
(318) 253-7523

**Received From :**
FARM SERVICE AGENCY
313 N. MONROE STREET
MARKSVILLE, LA 71351

**First MORTGAGOR**

| |
|---|
| LAFLEUR, JAMES RANDY |

**First MORTGAGEE**

| |
|---|
| UNITED STATES DEPT OF AGRICULTURE |

**Index Type :**   Mortgages                         **Inst. Number :** 2007-00001533

**Type of Document :** Reinscription Of Mortgage

                                                                **Book :** 582      **Page :** 892

**Recording Pages :**          5

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Avoyelles Parish, Louisiana

*Deputy Clerk*

On (Recorded Date) : 03/01/2007

At (Recorded Time) : 2:16:52PM

CLERK OF COURT
SAMUEL G. COUVILLON
Parish of Avoyelles
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 03/01/2007 at 2:16:52
Recorded in Book 582 Page 892
File Number 2007-00001533

*Deputy Clerk*

Doc ID - 000953440005

**Return To :**

Do not Detach this Recording Page from Original Document

## AGREEMENT EVIDENCING EXTENSION BY REAMORTIZATION OR RESCHEDULING AND REQUEST FOR REINSCRIPTION OF REAL ESTATE MORTGAGE

THIS AGREEMENT, made between the United States of America, acting by and

Through the Farmers Home Administration, United States Department of

Agriculture, represented herein by <u>CHRIS J. NORMAND,</u> County Supervisor, for

<u>AVOYELLES</u> Parish, Louisiana, herein called the "Government" and

| <u>James Randy & Bonnie Robert Lafleur</u> | of <u>504 South Knoll St, Bunkie</u> |
|---|---|
| (Name of Borrower) | ( Street Address, City and Parish) |

<u>Louisiana,  71322</u>

Louisiana, herein called the "Borrower":

WITNESS:

WHEREAS, the Government and Borrower have agreed to reamortize, reschedule, or otherwise extend the maturity of the Promissory Notes(s) described below which were executed by the Borrower and are owned and held by the Government so that the Promissory Note(s) shall now be finally due and payable on the dates identified as "the new due date."

## I

### Promissory Notes Extended

| <u>DATE</u> | <u>AMOUNT</u> | <u>DUE DATE BEFORE EXTENSION</u> | <u>DUE DATE AFTER EXTENSION</u> |
|---|---|---|---|
| 02-16-06 | $168,361.21 | 01-01-2021 | 01-01-2022 |
| 02-16-06 | $ 10,314.86 | 01-01-2021 | 01-01-2022 |
| 02-16-06 | $ 54,206.23 | 01-01-2021 | 01-01-2022 |
| 02-16-06 | $ 99,618.82 | 01-01-2021 | 01-01-2022 |
| 02-16-06 | $ 22,962.68 | 01-01-2021 | 01-01-2022 |

Form FmHA 1951-1 LA
(2-19-88)

And

WHREAS, the extension shall be carried out by the Borrower executing an FmHA Promissory Note form designated as the Rescheduled or Reamortized note.  The Reamortized or Rescheduled note shall be attached to the note extended by rescheduling or reamortization and shall be evidenced of the new payment schedule. AND

WHEREAS, the above described notes are secured by a real estate/chattel mortgage or mortgages encumbering property owned by Borrower which real estate mortgages are subject to reinscription or extension pursuant to LSA-Civil Code Article 3369.  These mortgages are specifically described as follows:

## II
## Mortgages Securing Extended Notes

| MORTGAGE DATE | BOOK-PAGE RECORDED | NOTE DATE | NOTE AMOUNT | EXTENDED DUE DATE |
|---|---|---|---|---|
| *02-16-06 | 1288 / 466 | 02-16-06 | $168,361.21 | 03-01-2022 |
| *02-16-06 | 1288 / 466 | 02-16-06 | $ 10,314.86 | 03-01-2022 |
| *02-16-06 | 1288 / 466 | 02-16-06 | $ 54,206.23 | 03-01-2022 |
| *02-16-06 | 1288 / 466 | 02-16-06 | $ 99,618.82 | 03-01-2022 |
| *02-16-06 | 1288 / 466 | 02-16-06 | $ 22,962.68 | 03-01-2022 |
| 02-16-06 | 553 / 406 | 02-16-06 | $168,361.21 | 03-01-2022 |
| 02-16-06 | 553 / 406 | 02-16-06 | $ 10,314.86 | 03-01-2022 |
| 02-16-06 | 553 / 406 | 02-16-06 | $ 54,206.23 | 03-01-2022 |
| 02-16-06 | 553 / 406 | 02-16-06 | $ 99,618.82 | 03-01-2022 |
| 02-16-06 | 553 / 406 | 02-16-06 | $ 22,962.68 | 03-01-2022 |
| *04-20-05 | 1250 / 907 | 04-20-05 | $163,550.00 | 03-01-2022 |
| 04-20-05 | 531 / 103 | 04-20-05 | $163,550.00 | 03-01-2022 |
| *05-12-03 | 1150 / 979 | 05-11-03 | $ 52,690.00 | 03-01-2022 |
| *05-12-03 | 1150 / 979 | 05-07-03 | $ 98,450.99 | 03-01-2022 |
| *05-12-03 | 1150 / 979 | 05-07-03 | $ 22,693.63 | 03-01-2022 |
| *05-12-03 | 1150 / 979 | 05-07-03 | $ 10,300.55 | 03-01-2022 |
| 05-12-03 | 121 / | 05-11-03 | $ 52,690.00 | 03-01-2022 |
| 05-12-03 | 121 / | 05-07-03 | $ 98,450.99 | 03-01-2022 |
| 05-12-03 | 121 / | 05-07-03 | $ 22,693.63 | 03-01-2022 |
| 05-12-03 | 121 / | 05-07-03 | $ 10,300.55 | 03-01-2022 |

*   Mortgages recorded in St. Landry Parish

## ACKNOWLEDGMENT

STATE OF:    Louisiana

PARISH:      Avoyelles

On this day personally appeared before the undersigned, a Notary Public in and for the  Parish and State aforesaid, duly qualified and acting,   <u>Chris J. Normand</u>,  to me well known to be the person whose name appears in the foregoing instrument and stated they had executed the same for the consideration, uses and purposes therein mentioned and set forth.

IN WITNESSES WHEREOF, I have hereunto set my hand and seal this   <u>3rd</u> day of     <u>March, 2007.</u>

_Notary Public_

(S E A L)

My Commission Expires:

# Avoyelles Parish Recording Page



EXHIBIT
B-8

**Samuel G. Couvillon**
**Clerk of Court**
312 N. Main
P. O. Box 219
Marksville, LA 71351
(318) 253-7523

**Received From :**
JAMES R LAFLEUR

### First MORTGAGOR

LAFLEUR, JAMES RANDY

### First MORTGAGEE

UNITED STATES DEPT OF AGRICULTURE

**Index Type :**  Mortgages

**Type of Document :** Reinscription Of Mortgage

**Recording Pages :**          6

**Inst. Number :** 2009-00002333

**Book :**   634          **Page :** 788

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Avoyelles Parish, Louisiana

On (Recorded Date) : 04/09/2009

At (Recorded Time) : 10:09:47AM

Doc ID - 001669890006

CLERK OF COURT
SAMUEL G. COUVILLON
Parish of Avoyelles
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 04/09/2009 at 10:09:47
Recorded in Book   634   Page 788
File Number 2009-00002333

*Dolores J. Harris*

Deputy Clerk

**Return To :**

Do not Detach this Recording Page from Original Document

## AGREEMENT EVIDENCING EXTENSION BY
## REAMORTIZATION OR RESCHEDULING AND REQUEST FOR
## REINSCRIPTION OF REAL ESTATE MORTGAGE

THIS AGREEMENT, made between the United States of America, acting by and

through the Farm Service Agency, United States Department of Agriculture,

represented herein by __Chris J. Normand__, Farm Loan Manager, for Avoyelles

Parish, Louisiana, herein called the "Government" and __James R. Lafleur and
Bonnie R. Lafleur__ of __504 South Knoll St., Bunkie, Louisiana__, herein called the
"Borrower";

WITNESS;

WHEREAS, the Government and Borrower have agreed to reamortize, reschedule, or otherwise extend the maturity of the Promissory Note(s) described below which were executed by the Borrower and are owned and held by the Government so that the Promissory Note(s) shall now be finally due and payable on the dates identified as "the new due date."

### I
### Promissory Notes Extended

| DATE | AMOUNT | DUE DATE BEFORE EXTENSION | DUE DATE AFTER EXTENSION |
|------|--------|---------------------------|--------------------------|
| 03-01-07 | $ 164,634.84 | 01-01-2022 | 01-01-2024 |
| 03-01-07 | $   8,895.76 | 01-01-2022 | 01-01-2024 |
| 03-01-07 | $  56,311.37 | 01-01-2022 | 01-01-2024 |
| 03-01-07 | $ 103,487.58 | 01-01-2022 | 01-01-2024 |
| 03-01-07 | $  23,854.45 | 01-01-2022 | 01-01-2024 |

And

WHEREAS, the extension shall be carried out by the Borrower executing an FSA Promissory Note form designated as the Rescheduled or Reamortized note.  The Reamortized or Rescheduled note shall be attached to the note extended by rescheduling or reamortization and shall be evidenced of the new payment schedule.

And

WHEREAS, the above described notes are secured by a real estate/chattel mortgage or mortgages encumbering property owned by Borrower which real estate mortgages are subject to reinscription or extension pursuant to LSA-Civil Code Article 3369.  These mortgages are specifically described as follows:

## II
### Mortgages Securing Extended Notes

| MORTGAGE DATE | BOOK-PAGE RECORDED | NOTE DATE | NOTE AMOUNT | EXTENDED DUE DATE |
|---|---|---|---|---|
| 04-20-05 | 531 – 103 | 04-20-05 | $ 163,550.00 | 04-09-24 |
| 02-16-06 | 553 – 406 | 02-16-06 | $ 168,361.21 | 04-09-24 |
| 03-01-07 | 582 – 885 | 03-01-07 | $ 164,634.84 | 04-09-24 |
| *04-20-05 | 1250 – 907 | 04-20-05 | $ 163,550.00 | 04-09-24 |
| *02-16-06 | 1288 - 466 | 02-16-06 | $ 168,361.21 | 04-09-24 |
| *03-01-07 | 1340 -456 | 03-01-07 | $164,634.84 | 04-09-24 |
| 03-25-99 | | 03-25-99 | $  12,520.00 | 04-09-24 |
| 02-21-02 | Spmtg. 104 | 02-21-02 | $   9,742.68 | 04-09-24 |
| 05-12-03 | 121 - | 05-07-03 | $  10,300.55 | 04-09-24 |
| 04-20-05 | 531 - 103 | 04-20-05 | $  10,044.75 | 04-09-24 |
| 02-16-06 | 553 - 406 | 02-16-06 | $  10,314.86 | 04-09-24 |
| 03-01-07 | 582 – 885 | 03-01-07 | $   8,895.76 | 04-09-24 |
| *02-26-02 | 1094 -758 | 02-21-02 | $   9,742.68 | 04-09-24 |
| *05-12-03 | 1150 – 979 | 05-07-03 | $  10,300.55 | 04-09-24 |
| *02-16-06 | 1288 – 466 | 02-16-06 | $  10,314.86 | 04-09-24 |
| *03-01-07 | 1340 – 456 | 03-01-07 | $   8,895.76 | 04-09-24 |

| | | | | |
|---|---|---|---|---|
| 05-12-03 | 121 - | 05-11-03 | $ 52,690.00 | 04-09-24 |
| 04-20-05 | 531 - 103 | 04-20-05 | $ 52,574.97 | 04-09-24 |
| 02-16-06 | 553 – 406 | 02-16-06 | $ 54,206.23 | 04-09-24 |
| 03-01-07 | 582 – 885 | 03-01-07 | $ 56,311.37 | 04-09-24 |
| *05-12-03 | 1150-979 | 05-11-03 | $ 52,690.00 | 04-09-24 |
| *02-16-06 | 1288 – 466 | 02-16-06 | $ 54,206.23 | 04-09-24 |
| *03-01-07 | 1340 – 456 | 03-01-07 | $ 56,311.37 | 04-09-24 |
| | | | | |
| 02-21-02 | Spmtg. 104 | 02-21-02 | $ 94,230.00 | 04-09-24 |
| 05-07-03 | 121 - | 05-07-03 | $ 98,450.99 | 04-09-24 |
| 04-20-05 | 531 – 103 | 04-20-05 | $ 96,620.93 | 04-09-24 |
| 02-16-06 | 553 – 406 | 02-16-06 | $ 99,618.82 | 04-09-24 |
| 03-01-07 | 582 – 885 | 03-01-07 | $ 103,487.58 | 04-09-24 |
| *02-26-02 | 1094 – 758 | 02-21-02 | $ 94,230.00 | 04-09-24 |
| *05-12-03 | 1150 – 979 | 05-07-03 | $ 98,450.99 | 04-09-24 |
| *02-16-06 | 1288 – 466 | 02-16-06 | $ 99,618.82 | 04-09-24 |
| *03-01-07 | 1340 – 456 | 03-01-07 | $ 103,487.58 | 04-29-24 |
| | | | | |
| 03-25-99 | | 03-25-99 | $ 28,480.00 | 04-09-24 |
| 02-21-02 | Spmtg 104 | 02-21-02 | $ 21,712.13 | 04-09-24 |
| 05-12-03 | 121 - | 05-07-03 | $ 22,693.63 | 04-09-24 |
| 04-20-05 | 531 - 103 | 04-20-05 | $ 22,271.65 | 04-09-24 |
| 02-16-06 | 553 – 406 | 02-16-06 | $ 22,962.68 | 04-09-24 |
| 03-01-07 | 582 – 885 | 03-01-07 | $ 23,854.45 | 04-09-24 |
| *02-26-02 | 1094 – 758 | 02-21-02 | $ 21,712.13 | 04-09-24 |
| *05-12-03 | 1150 – 979 | 05-07-03 | $ 22,693.63 | 04-09-24 |
| *02-16-06 | 1288 – 466 | 02-16-06 | $ 22,962.68 | 04-09-24 |
| *03-01-07 | 1340 – 456 | 03-01-07 | $ 23,854.45 | 04-09-24 |

**\*  Mortgages recorded in St. Landry Parish**

NOW THEREFORE, the Government and the Borrower agree that the above described Promissory Notes have been extended as described above and as further set forth in the Rescheduled or Reamortized Promissory Note executed to evidence and carry out the extension by reamortization, renewal, or extension, the terms of which are referred to and incorporated herein by reference.  The Government and the Borrower further agree that the Extension, Reamortization, Rescheduling, or Consolidation of any of the above described Promissory Notes shall not constitute a novation or the creation of a new debt but shall be merely an extension of an existing indebtedness.  The Government and Borrower  further agree that this instrument shall be lodged for record pursuant to LSA Civil Code 3369 to effect the extension of the real estate mortgage securing the extended Promissory Notes.

BY _____
~~BORROWER~~

BY _____
FARM LOAN MANAGER
FARM SERVICE AGENCY
U.S. DEPART. OF AG.

## <u>ACKNOWLEDGMENT</u>

STATE OF _____ <u>LOUISIANA</u>

PARISH _____ <u>AVOYELLES</u>

On this day personally appeared before the undersigned, a Notary Public in and for the  Parish and State aforesaid, duly qualified and acting,   Chris J. Normand to me well known to be the person whose name appears in the foregoing instrument and stated they had executed the same for the consideration, uses and purposes therein mentioned and set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this day of

_ April  9, 2009 _.

JACKIE D. MOSES 000467
**NOTARY PUBLIC**

(SEAL)

My Commission Expires:

_____ Lifetime _____



**EXHIBIT B-9**

Connie B. Couvillon
Clerk of Court
312 N. Main
P. O. Box 219
Marksville, LA 71351
(318) 253-7523

**Received From :**
 JAMES R LAFLEUR

**First MORTGAGOR**
LAFLEUR, JAMES RANDY

**First MORTGAGEE**
UNITED STATES DEPT OF AGRICULTURE

**Index Type :** Mortgages

**Type of Document :** Reinscription Of Mortgage

**Recording Pages :**          4

**Inst. Number :** 2014-00001459

**Book :** 744      **Page :** 820

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Avoyelles Parish, Louisiana

On (Recorded Date) : 03/17/2014

At (Recorded Time) : 9:16:11AM

Doc ID - 002630140004

CLERK OF COURT
CONNIE B. COUVILLON
Parish of Avoyelles
I certify that this is a true copy of the attached document that was filed for registry and Recorded 03/17/2014 at 9:16:11
Recorded in Book 744 / Page 820
File Number 2014-00001459

Deputy Clerk

**Return To :**
 JAMES R LAFLEUR

Do not Detach this Recording Page from Original Document

**FORM FSA 1951-1 LA**
(Rev. 2-2010)

### AGREEMENT EVIDENCING EXTENSION BY REAMORTIZATION OR RESCHEDULING AND REQUEST FOR REINSCRIPTION OF REAL ESTATE MORTGAGE

THIS AGREEMENT, made between the United States of America, acting by and through the

Farm Service Agency, United States Department of Agriculture, represented herein by

Randal  W.  Fontenot , Farm Loan Manager, for Avoyelles Parish, Louisiana, herein

called the "Government" and   James Randy Lafleur and Bonnie Robert Lafleur
(Name of Borrower)

of    504 South Knoll St., Bunkie, LA  71322
Avoyelles

Louisiana, herein called the "Borrower";

WITNESS:

WHEREAS, the Government and Borrower have agreed to reamortize, reschedule, or otherwise extend the maturity of the promissory note(s) described below which were executed by the Borrower and are owned and held by the Government so that the Promissory Note(s) shall now be finally due and payable on the dates indentified as "the new due date."

I

Promissory Notes Extended

| DATE | AMOUNT | DUE DATE BEFORE EXTENSION | DUE DATE AFTER EXTENSION |
|------|--------|---------------------------|--------------------------|
| 1/29/2013 | $162,000.00 | 1/1/2014 | 1/1/2029 |
| 3/5/2012 | $62,566.46 | 1/1/2027 | 1/1/2029 |
| 3/5/2012 | $111,237.74 | 1/1/2027 | 1/1/2029 |
| 3/5/2012 | $56,590.33 | 1/1/2027 | 1/1/2029 |
| 3/5/2012 | $104,000.57 | 1/1/2027 | 1/1/2029 |
| 3/5/2012 | $23,971.94 | 1/1/2027 | 1/1/2029 |

**FORM FSA 1951-1 LA**

and

      WHEREAS, the extension shall be carried out by the Borrower executing an FSA Promissory note form designated as the Rescheduled or Reamoritized note.  The Rescheduled or Reamortized note shall be attached to the note extended by rescheduling or reamortization and shall be evidence of the new payment schedule.

and

\*      WHEREAS, the above described notes are secured by a real estate mortgage of mortgages encumbering property owned by the borrower which real estate mortgages are subject to reinscription or extension pursuant to LSA-Civil Code Articles 3357 through 3365, as applicable.  These mortgages are specifically described as follows:

II

Mortgages Securing Extended Notes

| MORTGAGE DATE | BOOK-PAGE RECORDED | NOTE DATE | NOTE AMOUNT | EXTENDED DUE DATE |
|---|---|---|---|---|
| 1/29/2013 | 697 / 569 | 1/29/2013 | 162,000.00 | 3/17/2029 |
| 4/20/2005 | 531 / 103 | 4/20/2005 | 163,550.00 | 3/17/2029 |
| 4/9/2009 | 634 / 782 | 4/9/2009 | 109,470.00 | 3/17/2029 |
| 5/11/2003 | 121 | 5/11/2003 | 52,690.00 | 3/17/2029 |
| 2/21/2002 | Spmtg 104 | 2/21/2002 | 94,230.00 | 3/17/2029 |
| 3/25/1999 | | 3/25/1999 | 28,480.00 | 3/17/2029 |

\*Strike Inapplicable

**FORM FSA 1951-1 LA**

NOW THEREFORE, the Government and the Borrower agree that the above described Promissory Notes have been extended as described above and as further set forth in the Rescheduled or Reamortized Promissory Note executed to evidence and carry out the extension by reamortization, renewal, or extension, the terms of which are referred to and incorporated herein by reference. The Government and the Borrower further agree that the Extension, Reamortization, Rescheduling, or Consolidation of any of the above described Promissory Notes shall not constitute a novation or the creation of a new debt but shall be merely an extension of an existing indebtedness. The Government and Borrower further agree that this instrument shall be lodged for record pursuant to LSA-Civil Code 3357 through 3365, as applicable, to effect the extension of the real estate mortgage securing the extended Promissory Notes.

By: _____
JAMES RANDY LAFLEUR
BORROWER

By: _____
    RANDAL FONTENOT
    FARM LOAN MANAGER
    FARM SERVICE AGENCY

BY: _____
BONNIE ROBERT LAFLEUR
BORROWER
U.S. DEPARTMENT OF AGRICULTURE

WITNESSES:

_____
PENNY COCO

_____
JOHNNY BORDEN

_____
JACKIE D. MOSES   000467
NOTARY PUBLIC(SEAL)

My Commission Expires: _____

**yelles Parish Recording ...ge**



**EXHIBIT**
**B-10**

**Connie B. Couvillon**
**Clerk of Court**
312 N. Main
P. O. Box 219
Marksville, LA  71351
(318) 253-7523

**Received From :**
FARM SERVICE AGENCY
629 TUNICA DRIVE WEST
MARKSVILLE, LA 71351

**First MORTGAGOR**

LAFLEUR, JAMES RANDY

**First MORTGAGEE**

UNITED STATES DEPT OF AGRICULTURE

**Index Type :**   MORTGAGES          **Inst. Number :** 2015-00001408

**Type of Document :** REINSCRIPTION OF MORTGAGE
                                                                **Book :**   766        **Page :**    15

**Recording Pages :**          2

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Avoyelles Parish, Louisiana

On (Recorded Date) : 03/16/2015

At (Recorded Time) :  2:14:38PM

CLERK OF COURT
CONNIE B. COUVILLON
Parish of Avoyelles
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 03/16/2015 at  2:14:38
Recorded in Book  766   Page   15
File Number 2015-00001408

Deputy Clerk

Doc ID - 002764740002

**Return To :**
FARM SERVICE AGENCY
629 TUNICA DRIVE WEST
MARKSVILLE, LA  71351

Do not Detach this Recording Page from Original Document

Form FmHA 1962-1 LA
(2-19-88)


UNITED STATES DEPARTMENT OF AGRICULTURE
Farmers Home Administration


STATE OF LOUISIANA

PARISH OF  **Avoyelles**

    This is to certify that  **James Randy Lafleur**   and  **Bonnie Lafleur**

_____ gave a chattel / real estate mortgage, dated  **March 17th, 2014**,

To the United States of America, Mortgagee, to secure the payment of an indebtedness of

**Eighty Nine Thousand Nine Hundred & No/100**_____ Dollars

(**$89,900.00**), which mortgage was filed or recorded in the Office of the Clerk of Court

And Ex-Officio Recorder of Parish of  **Avoyelles,** State of Louisiana, on the **17th** day of

**March, 2014**, Instrument Number **2014-00001460**_____, Book Number  **744**___,

Page Number  **824**____.

The United State of America is the owner and holder of said chattel / real estate mortgage
and the debt secured thereby, and at the time of the making of this request there is a
balance due on said indebtedness and to secure the payment of this sum the United States
hereby extends the lien of said mortgage in accordance with the statute in such cases
made and provided, and asks that the said mortgage be reinscribed.


_Johnny Border_____
Farmers Home Administration
U. S. Department of Agriculture


* Strike Inapplicable

EXHIBIT
B-11

## REQUEST FOR NOTICE OF
## SEIZURE OF IMMOVABLE PROPERTY

**NAME OF MORTGAGOR AND OWNER:  JAMES RANDY LAFLEUR & BONNIE ROBERT LAFLEUR;**

In accordance with Louisiana Revised Statutes 13:3886, I hereby request  any notice of seizure of the following described property located in AVOYELLES, Parish, Louisiana, to wit:

A certain town lot, situated in the Town of Bunkie, Avoyelles
Parish, Louisiana, on South Knoll Avenue, with all buildings
And improvements thereon situated or thereto belonging,
Having a front on said South Knoll Avenue of Sixty (60') feet
And running back between parallel lines a distance of one
Hundred fifty (150') feet, bounded on the North by lot of
Alfred L. Dupont, formerly L. T. Guillory;  South by lot of
Jeansonne; West by Haas lot; and East by said South Knoll
Avenue.

Being the same property acquired by Pearl Normand Lemoine,
Et al from the Succession of Felix Pierre Lemoine, Probate
Docket No. 84-505, through Judgement of Possession dated
June 21, 1984, duly recorded in the official records of Avoyelles
Parish, Louisiana.

This Notice should be provided to: Avoyelles County FSA Office
313 North Monroe Street, Suite 3
Marksville, LA 71351

Dated at <u>Marksville</u>, Louisiana, this <u>21</u>st day of <u>February, 2002</u>.

FARM SERVICE AGENCY, MORTGAGE

BY: _____

FARM LOAN MANAGER

STATE OF LOUISIANA:
PARISH OF AVOYELLES: I HEREBY CERTIFY that the foregoing
is a true copy of the Original No. 2001470 consisting of
____ pages, on file and record in this office on
2/21/02 recorded in Book 471 of Mo. page _____
and Book ____ of ____ page ____ of the records of Avoyelles
Parish, Louisiana.
Given under my hand and seal of office at Marksville,
Louisiana, this 21 day of Feb. ,20 02
_____
Deputy Clerk of Court

# EXHIBIT C-1

## TRACT I *(TRACT 3 IN ORIGINAL MORTGAGE):*

A certain town lot, situated in the Town of Bunkie, Avoyelles Parish, Louisiana, and South Knoll Avenue, with all building and improvements thereon situated or thereto belonging, having a front on said South Knoll avenue of Sixty (60') feet and running back between parallel lines a distance of One Hundred Fifty (150') feet, bounded on the North by lot of Alfred L. Dupont, formerly L. T. Guillory, South by lot of Jeansonne; West by Haas lot; and East by said South Knoll Avenue.

## TRACT II *(TRACT 4 IN ORIGINAL MORTGAGE):*

A certain piece, parcel or tract of land located in the Town of Bunkie, Parish of Avoyelles, State of Louisiana, together with all buildings and improvements thereon located and all rights, ways and privileges thereunto appertaining, and being more particularly described as follows:

The north ninety (90') feet on Lots 4, 5 and 6 of Block "BB" of the Burgess Addition to the Town of Bunkie, fronting One Hundred Fifty (150') feet on MaCarthur Street (formerly "B" Street, also formerly known as Irion Gravel Road) and running back between parallel lines for a distance of ninety (90') feet along South Knoll Avenue, being bounded on the North by MaCarthur Street, on the East by Knoll Avenue, on the South by the lot of Louise T. Guillory, and on the West by Lot 3 of Block "B" of the Burgess Addition to the Town of Bunkie, being that property acquired by John Harry Dupont from Alfred L. Dupont by deed dated February 21, 1946, recorded February 23, 1946 at Conveyance Book A-121, page 615, of the records of Avoyelles Parish, Louisiana.

EXHIBIT

D-1

**A F F I D A V I T**

STATE OF LOUISIANA

PARISH OF RAPIDES

Before me, the undersigned authority, personally came and appeared Craig A. McCain, Alexandria, Louisiana, who, after being duly sworn, depose and say:

1. I, Craig A. McCain, am State Executive Director of the Farm Service Agency (FSA) (formerly Farmers Home Administration) (FmHA)), United States Department of Agriculture, Alexandria, Louisiana, and my duties include the oversight of all FSA farm accounts for the State of Louisiana.

2. For valuable consideration by obtaining Operating and Emergency Loans from the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, the Defendants, James Randy Lafleur and Bonnie Robert Lafleur executed and delivered to the United States the Promissory Notes as shown below, and said notes are annexed to the Complaint.

| Loan Code | Date | Principal Amount | Interest |
|-----------|------|------------------|----------|
| OL  (44-11) | 03-17-2014 | $  89,900.00 | 2.00% |
| EM (43-55) | 03-17-2014 | $109,563.34 | 3.75% |
| Resch | 03-05-2012 | $111,237.74 | 3.75% |
| Resch | 05-06-2010 | $113,833.81 | 3.75% |
| Resch | 04-09-2009 | $109,470.00 | 3.75% |
| EM (43-56) | 03-17-2014 | $ 55,737.84 | 3.75% |
| Resch | 03-05-2012 | $ 56,590.33 | 3.75% |
| Resch | 05-06-2010 | $ 57,906.24 | 3.75% |
| Resch | 04-09-2009 | $ 55,664.42 | 3.75% |
| Resch | 03-01-2007 | $ 56,311.37 | 3.75% |
| Resch | 02-16-2006 | $ 54,206.23 | 3.75% |
| Resch | 04-20-2005 | $ 52,574.97 | 3.75% |
| Resch | 01-01-2003 | $ 52,690.00 | 3.75% |
| EM (43-57) | 06-11-2007 | $102,434.47 | 3.75% |
| Resch | 03-05-2012 | $104,000.57 | 3.75% |
| Resch | 05-06-2010 | $106,418.17 | 3.75% |
| Resch | 04-09-2009 | $102,298.22 | 3.75% |
| Resch | 03-01-2007 | $103,487.58 | 3.75% |
| Resch | 02-16-2006 | $ 99,618.82 | 3.75% |
| Resch | 04-20-2005 | $ 96,620.93 | 3.75% |
| Resch | 05-07-2003 | $ 98,450.99 | 3.75% |
| Resch | 02-21-2002 | $ 94,230.00 | 3.75% |

| | | | |
|---|---|---|---|
| EM (43-58) | 03-17-2014 | $ 23,610.68 | 3.75% |
| Resch | 03-05-2012 | $ 23,971.94 | 3.75% |
| Resch | 05-06-2010 | $ 24,529.35 | 3.75% |
| Resch | 04-09-2009 | $ 23,579.70 | 3.75% |
| Resch | 03-01-2007 | $ 23,854.45 | 3.75% |
| Resch | 02-16-2006 | $ 22,962.68 | 3.75% |
| Resch | 04-20-2005 | $ 22,271.65 | 3.75% |
| Resch | 05-07-2003 | $ 22,693.63 | 3.75% |
| Resch | 02-21-2002 | $ 21,712.13 | 3.75% |
| Resch | 03-25-1999 | $ 28,480.00 | 3.75% |

3. Concurrently with the execution and delivery of the above described promissory notes and for the purpose of securing payment of the indebtedness evidenced by Defendants, James Randy Lafleur and Bonnie Robert Lafleur executed, acknowledged in the manner required by law and delivered to the United States real estate mortgages, which are properly recorded, encumbering certain real property situated in Avoyelles Parish, Louisiana, more fully described in the copy of said mortgages attached to the United States' Complaint.

4. James Randy Lafleur and Bonnie Robert Lafleur are obligated to discharge the Indebtedness represented by the above described notes, which are in default as to the payments required by them, and are now owing to United States the following unpaid balance as of the 30th day of June 2018, plus interest accruing thereafter at the daily rate shown below.

| Loan Code | Unpaid Principal | Unpaid Interest | Daily Accrual | Int. Rate |
|---|---|---|---|---|
| 44-11 | $  89,093.62 | $  2,143.68 | $  4.8818 | 2.00% |
| 43-55 | $  68,516.35 | $  5,898.98 | $  7.0394 | 3.75% |
| 43-56 | $  55,737.84 | $  8,612.64 | $  5.7265 | 3.75% |
| 43-57 | $ 102,434.47 | $ 15,828.24 | $ 10.5241 | 3.75% |
| 43-58 | $  23,610.68 | $  3,648.34 | $  2.4258 | 3.75% |

Recoverable Cost Item

| | | | |
|---|---|---|---|
| 43-95 | $      700.00 | $      22.23 | $    .0719 |
| Totals | $ 340,092.96 | $ 37,722.77 | $ 30.6695 |

Interest will accrue thereafter at the rate per annum as provided for in each promissory note until paid.

5. Because the Defendant failed to pay the principal and interest when due, the United States accelerated maturity of all principal and interest owing under the above described indebtedness on March 2, 2017. The defendant failed and refused to pay notwithstanding demand, thereby placing them in default of the above described notes and mortgages.

6. The aforesaid defendant is not an infant or incompetent and is not a member of the Armed Services of the United States.

I have personal knowledge of the facts herein set forth.

Craig A. McCain
State Executive Director

Thus done and signed in the presence of me, Notary Public on __8th day of__

__August    2018__.

VERONICA FAYE HORNSBY
NOTARY PUBLIC #83233

MY COMMISSION EXPIRES:

AT DEATH